JACOB N. COHEN *vs.* HARRY I. GOLDMAN.

JACOB N. COHEN, *Adm'r vs.* HARRY I. GOLDMAN.

JUNE 7, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. These are appeals from the decisions and decrees of the superior court ordering that settlement stipulations which were filed in two law actions be deleted from the record and that the cases be reinstated for hearing.

The following pertinent facts are disclosed by the record. In 1946 Gertrude S. Cohen was being treated by defendant, who was a chiropodist. In January 1947 he received a letter from Howard K. Simmons, who at the time was a member of the bar of this state, stating that he had been engaged by Mrs. Cohen and her husband Jacob N. Cohen as their attorney relative to a claim against defendant for damages resulting from his alleged negligence in the treatment and diagnosis of Mrs. Cohen. In 1948 two suits were begun in the superior court. Demurrers to the declarations were sustained on January 31, 1949 and plaintiffs were allowed ten days within which to file amended declarations. No such declarations were filed. Since the facts in each case raise the same issue we shall consider only the husband's case. However, our decision will apply to both appeals.

Mrs. Cohen died on July 25, 1950. In July 1952, through his son, plaintiff learned that a stipulation had been filed in the superior court May 1, 1950 marking the case "Settled." This was signed by Howard K. Simmons, who was his attorney of record, and Francis V. Reynolds, defendant's attorney. Further investigation by plaintiff disclosed that sometime in April 1950 said attorney had agreed with defendant to settle the case and that he had forged plaintiff's signature on a certain release running to the defendant and on a draft for $1,500 which was given to the attorney upon receipt of the aforesaid release. The plaintiff thereupon engaged his present attorney Nelson J. Conlong, who notified defendant by letter dated August 12, 1952 that he was representing the plaintiff in this case. Mr. Conlong testified that he had tried for two years to get the file of this case from Mr. Simmons but was unable to do so until April 14, 1954.

Being in doubt as to his remedy the defendant also prosecuted bills of exceptions. Since appeal is the proper remedy, such exceptions are overruled *pro forma*.

The instant petition was filed June 21, 1954. In substance it alleges that the law action was settled and the settlement stipulation filed by Howard K. Simmons without petitioner's knowledge or authorization; that petitioner received no part of the $1,500; and that the signatures on the release and the draft were forgeries. The petitioner further alleges that he has no adequate remedy at law and therefore prays that the settlement stipulation in the law action be ordered deleted from the record and the case reinstated for hearing before the superior court.

The respondent filed an answer alleging in substance that the settlement stipulation was executed with the express, implied or apparent knowledge and authority of petitioner since his then attorney had brought suit against respondent to whom no revocation of authority was ever communicated; that such settlement was made in good faith; and

that the sum of $1,500 which was duly paid by respondent has never been returned nor has an offer of repayment been made to him.

He further alleges in his answer that the petition against respondent was not begun promptly; that because of the delay his ability to defend himself has otherwise been impaired and has worked to his disadvantage in that persons who were connected with the case have since deceased; and that he is deprived of his right to collect from the bank which paid the draft, since under Rhode Island law notice must be given to such bank within one year after the return of the draft to the drawer. For these reasons and also because petitioner has an adequate remedy at law against his former attorney, respondent prays that the instant petition be dismissed.

After hearing on the petition, answer and proof, the trial justice decided that it should be granted, because there was strong evidence that the documents on which the settlement stipulations were based were forgeries and therefore should not be allowed to remain in the records of the court. A decree conforming to his decision was thereupon entered.

The question raised by respondent's appeal is whether an attorney can compromise a client's case and execute a settlement stipulation without his express authority.

The petitioner contends that the mere retaining of an attorney does not give him such authority, either implied or apparent, and he further contends that an attorney has no power to compromise or settle his client's case without express authority to do so. In support of this contention he cites *Whipple* v. *Whitman*, 13 R. I. 512. The petitioner also argues, in reply to respondent's claim of laches, that he acted promptly as soon as he found out, in July 1952, about the purported settlement.

On the other hand respondent contends that petitioner's attorney had implied or apparent authority to execute the

settlement stipulation; that the compromise should not be disturbed merely because petitioner's attorney absconded with the proceeds, especially since there is no evidence that the compromise itself was other than fair and reasonable; that the petition is barred by laches; and finally that it is not equitable to reinstate these law actions for trial without returning to respondent the sum of $1,500 admittedly paid in good faith to an agent chosen and held out by petitioner.

A review of the authorities discloses a difference of opinion on the question of the power of an attorney to settle a client's case by compromise without express authority. See *Whipple* v. *Whitman, supra,* for a lengthy discussion of this question. It is well settled that an attorney is an agent employed by a party to a case to manage the same for him. His contract of employment implies that the attorney is authorized to take such steps in representing his client as he may deem legal, proper and necessary, and his acts in that respect, in the absence of fraud, must be regarded as the acts of his client. *McLyman* v. *Miller,* 52 R. I. 374, 375.

Thus it has been held that admissions of attorneys in open court bind their clients in all matters relating to the progress and trial of the case. *Scotti* v. *District Court,* 42 R. I. 556, 557. Likewise in *Wilson* v. *Wilson,* 25 R. I. 446, at page 451, this court held that the respondents therein had the right to suppose that complainants' counsel had full authority to sign the decree so long as complainants held him out as their solicitor. Following the reasoning in these cases it was held in *McLyman* v. *Miller, supra,* that the defendant's attorney in that case did not exceed his authority in waiving a jury trial without the express authority of his client.

After carefully examining the authorities we agree with those cases which hold that the mere engagement of an attorney does not ipso facto imply authority to compromise

his client's case. To hold otherwise would, in our opinion, vest an attorney with far more power than the scope of his retainer requires. While it is well established that an attorney, in prosecuting or defending his client's action, has implied authority to take such steps as he may deem legal, proper and necessary in the control and management of the action, it does not logically follow that he has the power to compromise an action without the express authorization and knowledge of his client.

However, the instant petition does not involve a dispute between a client and his attorney who has exceeded his authority. On the contrary we are presented with a situation which involves two innocent parties whose rights have been violated by the same person, namely, the agent of the plaintiff. See *Kshonsky* v. *Passarelli*, 75 R. I. 369, 377. It is not disputed that respondent has acted in good faith in his relation with petitioner's first attorney and that he relied on the fact that such attorney had been engaged by petitioner as his agent in handling this particular case, no revocation of such agency having ever been received by respondent.

It seems to us that petitioner's conduct, innocent though it may have been, placed his attorney in such a situation that a person of ordinary prudence and discretion would have been justified in assuming, as respondent did in the case at bar, that the attorney was authorized to perform, in behalf of his client, the particular act in question, namely, the compromise of the case and the filing of the settlement stipulation. It is the conduct of the client and not that of the attorney which must be considered in determining whether apparent authority exists, and if it does, the client is bound by what the attorney does. *Ferro Concrete Construction Co.* v. *United States*, 112 F.2d 488 (1st Cir. R. I.). This being so, we believe that in a case such as this where two innocent parties are involved, justice requires that of the two the least culpable should not be made to

suffer. Where either party to a transaction made with an agent is to suffer by his neglect, it should be his principal. *Nicoll* v. *American Insurance Co.,* 3 Woodb. & M. 529.

We are not unmindful that experience has shown that it is sometimes difficult to balance almost equal equities. But here the equities seem clear between these parties, and petitioner is not completely without an adequate remedy at law against the wrongdoer. This point was well answered in *Wilson* v. *Wilson,* 25 R. I. 446, where the court, at page 451, stated: "But their complaint in this regard does not involve these respondents. They say that their counsel misled them in one instance, and misrepresented them in another. If this misconduct has caused them damage, the law affords them a complete remedy—not in this case to which the counsel is not a party, but in suitable proceedings against him." It is well established that an attorney is liable to his client for any loss sustained by the latter in consequence of the attorney's fraud. The record in the case at bar does not disclose any claim by petitioner that the amount of the settlement was not a fair or proper one in size. If, however, such were the case he has an adequate remedy at law against the attorney to recover an amount commensurate with the damages suffered by petitioner and his deceased wife.

In each cause the respondent's appeal is sustained, the decrees appealed from are reversed, and each cause is remanded to the superior court with direction to enter a new decree denying and dismissing the petition.

*Nelson J. Conlong,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.