■ COLONIE HILL, LTD., Appellant-Respondent, v JAMES J. DUFFY et al., Respondents-Appellants. (Action No. 1.) JAMES J. DUFFY et al., Respondents-Appellants, v COLONIE HILL, LTD., et al., Appellants-Respondents. (Action No. 2.)—In two actions, plaintiff in action No. 1, and defendants in action No. 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.). entered January 25, 1985 in Suffolk County, as, upon reargument, granted a motion by defendants in action No. 1 and plaintiffs in action No. 2 to vacate a stipulation of settlement and written agreement and restored the case to the head of the Trial Calendar, and defendants in action No. 1 and plaintiffs in action No. 2 cross-appeal from so much of that order as directed them to pay $2,500 to counsel for Colonie Hill, Ltd.

Order affirmed, insofar as appealed from, without costs or disbursements.

Special Term correctly concluded that James Duffy did not have the authority to enter into a settlement agreement on behalf of the pension fund of which he was a trustee. Article V, § 5.1 (k) of the trust agreement governing the pension fund expressly provided that a majority vote was required to approve all actions by the trustees. It is undisputed that Duffy's actions as a trustee were never so approved. Consequently, he had no actual authority to settle the two cases.

Duffy also had no apparent authority to settle the cases because, in order to find such authority, there must be actions on the part of the principal which reasonably give the agent the appearance of having the authority to act (see, Greene v Hellman, 51 NY2d 197, 204). In the instant case, Colonie Hill, Ltd., relied on Duffy's own assertions that he had authority, as well as the failure of trial counsel to dispute that assertion. However, trial counsel was merely another agent of the principal, and his acceptance of Duffy's representations, under the circumstances, cannot be held to confer implied authority on Duffy so as to bind the pension fund. Further, Colonie Hill, Ltd., has not demonstrated any detrimental reliance on the stipulation, which was disavowed by the pension fund on the same day as it was entered into by Duffy.

We reject the pension fund's contention that Special Term lacked authority to award counsel fees to Colonie Hill, Ltd., in view of its finding that the settlement agreement was invalid. The pension fund should bear responsibility for the negligent and improvident act of its agent, Duffy, in entering into the agreement in open court, without authority, and the amount awarded was reasonable under the circumstances. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.