■ BRENDA MELSTEIN, Respondent, v SCHMID LABORATORIES,

INC., Appellant.—In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 21, 1985, which, *inter alia,* granted plaintiff's motion to relieve her of a stipulation discontinuing the action.

Order affirmed, with costs.

Plaintiff retained an attorney to prosecute any claims she had to recover damages for injuries arising out of her use of an intrauterine device (IUD). The attorney commenced an action on plaintiff's behalf against Ortho Pharmaceutical Company (hereinafter Ortho), in the belief that Ortho manufactured the IUD which plaintiff had used.

During the course of discovery in the action against Ortho, plaintiff's medical records and the deposition of the doctor who removed the IUD both indicated that the IUD was not an Ortho product, but rather, a product of Schmid Laboratories, Inc. (hereinafter Schmid). Thereupon, without consulting or informing plaintiff, in January 1980 her attorney commenced this action against Schmid. On March 14, 1980, plaintiff's attorney, without plaintiff's knowledge or consent, entered into a stipulation of discontinuance with Schmid.

On February 28, 1984, plaintiff's action against Ortho was dismissed on the ground that the IUD in question was a product of Schmid and not Ortho. Thereafter, plaintiff moved to be relieved of the stipulation of discontinuance entered into with Schmid.

We agree with Special Term's finding that plaintiff neither had knowledge of, nor consented to, the discontinuance of the action against Schmid, and, therefore, she should not be bound by the stipulation. As pointed out by the Court of Appeals in *Hallock v State of New York* (64 NY2d 224, 230): "From the nature of the attorney-client relationship itself, an attorney derives authority to manage the conduct of litigation on behalf of a client, including the authority to make certain procedural or tactical decisions (see Code of Professional Responsibility, EC 7-7; *Gorham v Gale,* 7 Cow 739, 744; *Gaillard v Smart,* 6 Cow 385, 388). But that authority is hardly unbounded. Equally rooted in the law is the principle that, without a grant of authority from the client, an attorney cannot compromise or settle a claim (see *Kellogg v Gilbert,* 10 Johns 220; *Jackson v Bartlett,* 8 Johns 361), and settlements negotiated by attorneys without authority from their clients have not been binding (see *Countryman v Breen,* 241 App Div 392, affd 268 NY 643; *Spisto v Thompson,* 39 AD2d 598; *Leslie*

*v Van Vranken,* 24 AD2d 658; *Mazzella v American Home Constr. Co.,* 12 AD2d 910)."

In the case at bar, it is undisputed that plaintiff was not consulted by her attorney regarding the stipulation, or any other aspect of the action against Schmid. Therefore, there can be no claim that plaintiff gave her attorney actual authority to discontinue the action.

Likewise, there were no indications of apparent authority. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority. 'Rather, the existence of "apparent authority" depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent.' *(Ford v Unity Hosp.,* 32 NY2d 464, 473; see, also, Restatement, Agency 2d, § 27.) Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable (see *Wen Kroy Realty Co. v Public Nat. Bank & Trust Co.,* 260 NY 84, 92-93; Restatement, Agency 2d, § 8, Comment *c;* Conant, Objective Theory of Agency: Apparent Authority and the Estoppel of Apparent Ownership, 47 Neb L Rev 678, 681)" *(Hallock v State of New York,* 64 NY2d 224, 231, *supra).*

In the case at bar, there were no actions on the part of the plaintiff which reasonably gave the attorney the appearance of having the authority to discontinue the action *(see, Colonie Hill v Duffy,* 114 AD2d 879). Her signature never appeared on any document received by Schmid. "A party who relies on the authority of an attorney to compromise an action in his client's absence deals with such an attorney at his own peril" *(Slavin v Polyak,* 99 AD2d 466, 467).

Schmid's argument that the parties cannot be restored to the same positions they were in prior to entering into the stipulation of discontinuance is without merit. Assuming, arguendo, that plaintiff had entered into the stipulation, the court had the power to relieve her of the stipulation since both sides could be restored to "substantially" their former positions *(see, Thermalectric, Inc. v Still-Man Mfg. Corp.,* 43 AD2d 734). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.