■ In the Matter of Koss Co-Graphics, Inc., et al., Appellants, v Barbara Cohen, Respondent.—In a proceeding to compel dissolution of a corporation pursuant to Business Corporation Law article 11, Koss Co-Graphics, Inc. and Edward Koss appeal from an order of the Supreme Court, Queens County (Durante, J.), dated September 13, 1988, which denied their motion to vacate a stipulation of settlement entered into before the court on May 3, 1988.

Ordered that the order is reversed, on the law, with costs, and the motion to vacate the stipulation of settlement is granted.

Barbara Cohen, a minority shareholder of Koss Co-Graphics, Inc. (hereinafter Co-Graphics), a Delaware corporation, commenced the instant proceeding to compel dissolution of Co-Graphics and to restrain it from selling its assets. A temporary restraining order was issued enjoining Co-Graphics from disposing of its assets except for the conduct of its regular business.

Co-Graphics moved to set aside the temporary restraining order and to dismiss the petition on the ground that the court did not have jurisdiction to dissolve a Delaware corporation. The court refused to vacate the temporary restraining order and directed the parties to brief the issue of the court's jurisdiction over the dissolution proceedings. Co-Graphics then moved to reargue the denial of its motion to vacate the temporary restraining order. On May 3, 1988, a conference was conducted by the court with respect to the reargument

motion, at which time the attorneys for the respective parties entered into a stipulation of settlement.

Shortly thereafter Co-Graphics and Edward Koss moved to set aside the stipulation of settlement on the ground that the attorney appearing at the conference did not have authority to settle the case. The court denied the application, finding that the attorneys for Co-Graphics and Koss had the requisite authority to bind the corporation. We disagree.

The attorney appearing at the May 3, 1988, conference had never before personally handled any aspect of the litigation on behalf of Co-Graphics and Koss, and claims he did not discuss the proposed settlement with anyone authorized to bind the corporation. The attorney clearly did not have actual authority to settle the matter (see, Melstein v Schmid Labs., 116 AD2d 632). The attorney misled the court and opposing counsel into believing it was not necessary for him to contact his client. However, he could not, by his own acts, imbue himself with apparent authority. "Rather, the existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent" (Ford v Unity Hosp., 32 NY2d 464, 473).

Here, there were no actions on the part of Co-Graphics or Koss which reasonably gave their attorneys the appearance of having authority to settle the matter. The corporation vigorously defended the proceeding on the merits from the start. There had not been any previous settlement negotiations, and the corporation promptly moved to vacate the stipulation upon being advised of its attorney's actions (see, Hallock v State of New York, 64 NY2d 224; Melstein v Schmid Labs., supra).

We also reject the contention that Co-Graphics and Koss were required to commence a plenary lawsuit to vacate the stipulation of settlement. While it was agreed that the order to be entered upon the stipulation was to provide for a discontinuance of the proceeding, no such order was entered and, accordingly, we find that the stipulation did not terminate the proceeding and it was not necessary that a plenary action be commenced to set aside the stipulation (see, Teitelbaum Holdings v Gold, 48 NY2d 51, 53). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.