■ RUTH NASH, Respondent, v Y AND T DISTRIBUTORS, Appellant. [616 NYS2d 402] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated August 5, 1992, which granted the plaintiff's motion to vacate a general release dated June 16, 1988.

Ordered that the order is affirmed, with costs.

In June 1987 the plaintiff was involved in an accident on the defendant's premises, as a result of which she sustained personal injuries. She thereafter retained an attorney to represent her in an action against the defendant.

In June 1988, the plaintiff's attorney negotiated a settlement of the action with a representative of the Aetna Insurance Company (hereinafter Aetna) in the amount of $21,000. He forwarded a stipulation of discontinuance and a general release to Aetna on or about June 16, 1988. The release bore the plaintiff's signature and was notarized by her attorney. Thereafter, a joint settlement check was forwarded by Aetna to the plaintiff's attorney.

The plaintiff claimed to have had no knowledge of the settlement negotiations and transactions, and asserted that

she became aware of them only upon telephoning Aetna in May 1991 after attempts to contact her attorney proved unsuccessful.

The plaintiff moved for vacatur of the general release, asserting that she neither authorized nor consented to the settlement, that the signature on the general release and endorsement on the settlement check were forgeries, and that she never received any of the proceeds. The Supreme Court granted the plaintiff's motion on the basis of the forgery, without addressing the merits of the defendant's argument that the plaintiff's counsel had the apparent, if not the actual, authority to enter into the settlement on his client's behalf.

It is settled that stipulations of settlement may be set aside "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" *(Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Frutiger,* 29 NY2d 143, 149-150). In the absence of such a showing, the party seeking vacatur must then demonstrate that her agent was without authority to enter into the settlement, and therefore no contract ever came into being *(see, Hallock v State of New York, supra).*

In this case, the forgery which forms the basis for the plaintiff's claim is not the type of fraud which would invalidate the settlement, since it is fraud between a party to the settlement and her agent, and not between the parties to the contract. Accordingly, the inquiry must turn to whether the plaintiff's attorney had the authority to enter into the settlement.

It is settled law that an attorney must be specifically authorized to settle and compromise a claim, as "an attorney * * * has no implied power by virtue of his general retainer to compromise and settle his client's claim" (6 NY Jur 2d, Attorneys at Law, § 98, at 582; *see, Hallock v State of New York,* 64 NY2d 224, *supra,* at 230; *Melstein v Schmid Labs.,* 116 AD2d 632; Annotation, *Authority of Attorney to Compromise Action—Modern Cases,* 90 ALR4th 326). That the plaintiff did not expressly authorize her attorney to settle the instant action is undisputed. Thus, we must next determine whether the plaintiff clothed her attorney with the apparent authority to enter into a settlement. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter a transaction. The agent cannot by his own acts imbue

himself with apparent authority. 'Rather, the existence of "apparent authority" depends upon a factual showing that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent.' *(Ford v Unity Hosp.,* 32 NY2d 464, 473; see, also, Restatement, Agency 2d, § 27.) Moreover, a third party with whom the agent deals may rely on an appearance of authority only to the extent that such reliance is reasonable (see *Wen Kroy Realty Co. v Public Nat. Bank & Trust Co.,* 260 NY 84, 92-93; Restatement, Agency 2d, § 8, Comment *c;* Conant, Objective Theory of Agency: Apparent Authority and the Estoppel of Apparent Ownership, 47 Neb L Rev 678, 681)" *(Hallock v State of New York, supra,* at 231). Upon this record, we cannot conclude that the plaintiff conveyed to the defendant's insurance company, or its counsel, by "words or conduct", that her attorney possessed the authority to settle the action. Nor may such authority be implied from the circumstances, i.e., his representation of the plaintiff to the time of settlement, which, the record reveals, included limited appearances at a preliminary conference and depositions, and the unauthorized out-of-court negotiations culminating in the now-challenged settlement. The defendant has not satisfied its burden of showing that the plaintiff's attorney had the authority to settle the case *(see, Gucciardo v Norman,* 139 AD2d 562, 564; *Slavin v Polyak,* 99 AD2d 466; *Brumberg v Chunghai Chan,* 25 Misc 2d 312). Since "a settlement agreement negotiated by an attorney, without the consent of his client, is not personally binding on the client" *(Stein v Mostoff,* 34 AD2d 655), the plaintiff's motion for vacatur of the settlement was properly granted *(see, Matter of Koss Co-Graphics v Cohen,* 166 AD2d 649; *Melstein v Schmid Labs.,* 116 AD2d 632, *supra; Slavin v Polyak,* 99 AD2d 466, *supra).* Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.