**Stephen PARRILLO et al.**

v.

**James T. CHALK et al.**

**No. 94–597–Appeal.**

Supreme Court of Rhode Island.

Sept. 3, 1996.

Gregory J. Acciardo, Johnston, for Plaintiff.

Kevin J. Holly, for Defendant.

## OPINION

FLANDERS, Justice.

As all schoolchildren learn, appearances can be deceiving. *See, e.g.,* "The Wolf in Sheep's Clothing," *in The Fables of Aesop* 94 (Joseph Jacobs ed., 1902). But their absence in a lawsuit can be fatal to the finality of any settlement negotiated with a lawyer who neither entered an appearance nor became an attorney of record for one of the settling parties.

For the reasons that follow, we hold that when attempting to resolve a lawsuit with an attorney purporting to represent the plaintiff, a defendant is not entitled to rely on any settlement authority claimed by such an

attorney who (1) is not the lawyer who brought the complaint, (2) has failed to enter any appearance in the case, and (3) was not otherwise an attorney of record in the matter before entering into the alleged compromise.

## Facts

In 1989 Attorney Stephen E. Cicilline (Cicilline) filed a complaint in Superior Court on behalf of plaintiffs, Stephen and Dennis Parrillo, against defendants, Menard Chrysler Plymouth, Inc., (Menard Chrysler) and James T. Chalk (Chalk). The complaint alleged that in November of 1986 a car owned by Menard Chrysler and negligently driven by Chalk collided with a pickup truck occupied by driver Stephen Parrillo and his passenger, Dennis Parrillo (the Parrillos). At all times material to this case, Cicilline shared an office with two other lawyers, Gregory Acciardo (Acciardo) and Donald Sinesi, Jr. (Sinesi). Only Cicilline signed the summons and complaint that were served on defendants, and in doing so, he directed them to serve "upon Stephen E. Cicilline, *plaintiff's attorney,* * * * an answer" to the Parrillos' complaint. (Emphasis added.) As instructed by the summons, both defendants served copies of their answers on Cicilline as plaintiffs' attorney, and Attorney Raymond LaFazia (LaFazia) prepared and filed a separate entry of appearance with the Superior Court on behalf of both defendants.

After the initial pleadings closed, the parties' attorneys engaged in extensive discovery, serving each other with various interrogatories and demands for documents on behalf of their clients. The defendants' discovery requests and their responses to plaintiffs' discovery were all served on Cicilline as attorney for plaintiffs.[1]

The parties also noticed and took three depositions. In January 1991, Cicilline notified LaFazia that plaintiffs planned to depose defendant Chalk. LaFazia responded by notifying Cicilline that defendants wanted to depose plaintiffs. However, when it came time to take and defend these depositions, it was Sinesi, and not Cicilline or Acciardo, who showed up and attended these depositions on plaintiffs' behalf. (Before signing the dismissal stipulation that is at issue here, Sinesi had signed no pleadings or other papers filed with the court and had failed to file and serve any entry of appearance on behalf of plaintiffs.)

In April 1991, defendants filed a so-called third-party complaint against plaintiff Stephen Parrillo with respect to plaintiff Dennis Parrillo's claims against defendants. The summons to Stephen Parrillo stated:

"In the above action which is pending in the Superior Court at Providence, you are hereby summonsed and required to serve upon Stephen E. Cicilline, Esq. *plaintiff's attorney,* * * * and upon Raymond Alan LaFazia, Esq., who is attorney for [Chalk and Menard Chrysler] * * * an answer to the third-party complaint * * *." (Emphasis added.)

Thereafter, Dennis Parrillo's claim against defendants was dismissed involuntarily because he had failed to comply with a court order.[2] Without notifying Cicilline or Acciardo that he was doing so, defendants' attorney, LaFazia, then entered into negotiations with Sinesi to settle plaintiffs' claims. Their talks culminated in LaFazia's and Sinesi's signing and filing with the court a stipulation dismissing all claims of the parties. However, unbeknownst to LaFazia or defendants, Sinesi had no actual authority from the Parrillos to settle their claims; indeed, given his fraudulent purpose, he sought none, preferring instead to forge plaintiffs' signatures on their settlement releases so that he could pocket the settlement proceeds for himself without their knowledge.

Once plaintiffs and their attorneys, Cicilline and Acciardo, learned of Sinesi's sleazy "settlement" shenanigans, they lost little time in filing a motion to vacate the dismissal of plaintiffs' claims. *See* Super. R. Civ. P. 60. The Parrillos submitted affidavits claiming that the release and dismissal stipulation

---

**1.** On at least one occasion, however, plaintiffs filed a motion to compel answers to certain interrogatories signed by Acciardo.

**2.** This ruling is not challenged here and is therefore not before us; thus, we consider this appeal as one filed solely on behalf of plaintiff Stephen Parrillo.

signed by Sinesi on their behalf had been entered into without their knowledge, authorization, or consent. After hearing argument from counsel, the motion justice stated:

> "[The Parrillos] received absolutely no consideration for this release, they never signed the release, it's a clear forgery. * * * We have an unusual situation here, we have two attorneys of record [Cicilline and Acciardo] and an employee [Sinesi] of one of the attorneys * * * or both of the attorneys who is a crook." [3]

Ultimately the motion justice vacated the dismissal of the Parrillos' claims because he found it was "based on fraudulent conduct of an attorney [Sinesi]," who was not an attorney of record.

Undeterred by this setback, defendants filed and served amended answers to the Parrillos' complaint that raised the additional defenses of release, accord and satisfaction, and compromise and settlement. The defendants then moved for summary judgment before a Superior Court justice different from the one who had vacated the settlement stipulation. This time their arguments concerning why the "settlement" with Sinesi should be allowed to stand carried the day. We now reverse the second motion justice's ruling that granted defendants' summary-judgment motion and dismissed plaintiffs' complaint.

## Analysis

■ Because the power to settle lawsuits rests not with the attorneys but with the clients who are parties to the suit, an attorney has no authority to settle a case on behalf of a client unless the client has authorized the attorney to do so. *E.g., United States v. Beebe,* 180 U.S. 343, 352, 21 S.Ct. 371, 374, 45 L.Ed. 563, 569 (1901) ("the utter want of power of an attorney, by virtue of his [or her] general retainer only, to compromise his [or her] client's claim, cannot, we think, be successfully disputed"); *Cohen v. Goldman,* 85 R.I. 434, 438–39, 132 A.2d 414, 416 (1957) ("the mere engagement of an attorney

does not ipso facto imply authority to compromise his [or her] client's case").

"To hold otherwise would * * * vest an attorney with far more power than the scope of his [or her] retainer requires. While it is well established that an attorney, in prosecuting or defending his [or her] client's action, has implied authority to take such steps as he [or she] may deem legal, proper and necessary in the control and management of the action, it does not logically follow that he [or she] has the power to compromise an action without the express authorization and knowledge of his [or her] client." *Cohen,* 85 R.I. at 439, 132 A.2d at 416.

"Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." Restatement (Second) *Agency* § 8 (1958). Although an attorney clothed with apparent authority to compromise a case may enter into a binding settlement on behalf of his or her client, *Cohen,* 85 R.I. at 439, 132 A.2d at 417, to create this authority, the principal (that is, the client) must manifest to the third party (that is, the opposing party and/or its counsel) that he or she "consents to have the act done on his [or her] behalf by the person purporting to act for him [or her]." Restatement (Second) *Agency* § 27; *accord Cohen,* 85 R.I. at 439, 132 A.2d at 417 ("[i]t is the conduct of the client and not that of the attorney which must be considered in determining whether apparent authority exists, and if it does, the client is bound by what the attorney does"); *Fennell v. TLB Kent Co.,* 865 F.2d 498, 502 (2d Cir.1989) ("if an attorney has apparent authority to settle a case, and the opposing counsel has no reason to doubt that authority, the settlement will be upheld").

■ The defendants argue that when plaintiffs allowed Sinesi to "handle their case" by representing them at the depositions, they thereby clothed him with the "implied authority" to settle their claims in the

---

**3.** On the basis of his conduct in this matter, Sinesi was later disbarred as a lawyer by this

court. *See In re Sinesi,* 637 A.2d 777 (R.I.1994).

underlying lawsuit. This contention, however, is at odds with the principle discussed above, which is that attorneys have no general implied power to settle cases on behalf of their clients simply because they have been engaged to or actually do represent a client in connection with a lawsuit, much less some limited portion or aspect thereof. *E.g., Beebe,* 180 U.S. at 352, 21 S.Ct. at 374, 45 L.Ed. at 569; *Cohen,* 85 R.I. at 438–39, 132 A.2d at 416. Nor can such authority necessarily be implied merely because an attorney attends one or more depositions on behalf of the clients. *See, e.g., Nash v. Y and T Distributors,* 207 A.D.2d 779, 781, 616 N.Y.S.2d 402, 403 (1994) (apparent authority to compromise a case could not be implied despite attorney's appearing at a preliminary conference and depositions and engaging in negotiations that culminated in the "now-challenged settlement"); *cf. Fennell,* 865 F.2d at 502 (lower court finding that attorney and his associates represented client and were authorized to appear at conferences for him did not create an implied power to settle the suit).

The defendants invoke this court's 1957 *Cohen* decision to validate their settlement with Sinesi. It is true the *Cohen* court upheld a settlement stipulation that had been entered into by the plaintiff's attorney without the plaintiff's knowledge or consent. *See* 85 R.I. at 436, 440, 132 A.2d at 415, 417. But the settling attorney in *Cohen* was the same one who had brought the lawsuit that was being settled. Thus, *Cohen* involved "two innocent parties whose rights [had] been violated by the same person, namely," the plaintiff's agent, who was, as the attorney who signed the complaint, the plaintiff's "attorney of *record.*" (Emphasis added.) 85 R.I. at 436, 439, 132 A.2d at 415, 417. "This being so, * * * where two innocent parties are involved, justice requires that of the two the least culpable should not be made to suffer." *Id.* at 439–40, 132 A.2d at 417. In other words, "[w]here either party to a transaction made with an agent [in *Cohen,* the attorney

of *record* ] is to suffer by his [or her] neglect, it should be his [or her] principal." *Id.* at 440, 132 A.2d at 417.

■ Here, unlike the lawyer in *Cohen,* Sinesi was not the attorney who brought the lawsuit on behalf of plaintiffs; he did not sign, file, or cause the summons and complaint to be served upon defendants; nor was he otherwise an attorney of record for plaintiffs. Indeed, he never formally entered his appearance by signing or filing a separate document that so stated, nor had he otherwise appeared by signing any of the pleadings or other papers that were filed in the case. *Cf.* R.I. Fed. Dist. Ct. Loc. R. 6(a) ("In every action or proceeding in this court, there must be an appearance by a member of the bar of this court. The filing of any pleading or other paper * * * shall constitute an appearance by a member of the bar of this court who signs it in the case in which the paper is filed"); *id.* 6(b) ("a member of the bar of this court may make an appearance in a case by filing a notice of appearance containing his [or her] name, office address, and telephone number on a form prescribed by the office of the clerk").[4] Moreover, unlike the *Cohen* situation, defendants and their counsel were not so innocent here, at least in the sense that they knew that before the dismissal stipulation was signed by Sinesi, only Cicilline and Acciardo had filed pleadings or other court papers on behalf of the Parrillos. *Cf. Fennell,* 865 F.2d at 502 (intimating that if the opposing counsel has reason to doubt an attorney's authority to compromise a case, the settlement will not be upheld).

The defendants also assert that even if the motion justice erred in granting summary judgment, the error was "harmless" because the previous dismissal stipulation should not have been vacated. Rule 41(a)(1)(ii) of the Superior Court Rules of Civil Procedure, they note, requires that voluntary dismissals be "signed by all parties who have appeared in the action." They claim that Sinesi, as

4. Although there are no analogous state court rules of civil procedure or practice that define how an attorney enters his or her appearance in a case or becomes an attorney of record, we take judicial notice that Superior Court practice regarding the entry of appearances by attorneys is substantially similar to that described in the Local Rules of the Rhode Island Federal District Court.

"the Parrillos' attorney," could sign on their behalf. But this contention ignores the first motion justice's finding that only Cicilline and Acciardo were plaintiffs' attorneys of record as of that time and that Sinesi was merely an employee of one or both of them who had never entered his appearance or otherwise become an attorney of record for plaintiffs by signing any of the pleadings or other papers in the case.

Rule 11 of the Superior Court Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper of a party represented by an attorney *shall be signed by at least one attorney of record* in the attorney's individual name, whose address and telephone number shall be stated." (Emphasis added.) When Sinesi purported to sign the dismissal stipulation to implement the bogus settlement he had negotiated with the defendants' attorney, he was not at that time an attorney of record because he had previously failed to file any entry of appearance or otherwise become an "attorney of record" by, for example, signing and filing a pleading in the case. Thus, the defendants and their lawyers were not entitled to rely on this attorney's signature in a dismissal stipulation because he had no apparent or actual authority to settle the case on behalf of the plaintiffs at that time.

### Conclusion

For these reasons, we sustain the plaintiffs' appeal, vacate the summary judgment entered in the defendants' favor, and remand this matter to the Superior Court for further proceedings consistent herewith.