▬ In the Matter of the Estate of ELDON M. DRAKE, Deceased. MARILYN BAKER, Appellant; LYLE WADE et al., Respondents. [718 NYS2d 767] —Order unanimously affirmed with costs. Memorandum: Petitioner sought limited letters of administration of the estate of her brother, Eldon M. Drake (decedent), to enable her to bring a proceeding against respondent Jeanne Wade, decedent's niece, and respondent Lyle Wade, Jeanne's husband, to set aside the transfer of decedent's real and personal property to them. Twelve distributees in addition to petitioner were listed in the petition. Objections to the petition were filed by respondents and one of the distributees; they contended that decedent had left a valid will devising the same property to respondents, that probate was unnecessary because decedent had transferred all his real and personal property before his death, and that granting the petition would upset decedent's estate plan.

Just before trial concerning the petition for limited letters of administration, petitioner and respondents entered into a stipulation on the record whereby respondents would convey the real and personal property transferred to them by decedent to petitioner individually for $63,000. Respondents' attorney noted that releases would be needed from the 12 distributees in addition to petitioner who were parties to the proceeding seeking limited letters of administration. No releases or consents were ever furnished.

Respondents thereafter moved to set aside the stipulation on the ground, *inter alia,* that not all necessary parties consented. Their motion was supported by affidavits of 9 of the 13 distributees. Surrogate's Court properly granted the motion. We reject petitioner's contention that the court lacked jurisdiction to entertain respondents' motion because a plenary action was required. "A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement" (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 53; *see, Najarro v Summit Sec. Servs.,* 249 AD2d 51, 54). Here, there was no stipulation of discontinuance or entry of judgment following the stipulation of settlement (*see, Matter of Koss Co-Graphics v Cohen,* 166 AD2d 649, 650; *HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 131 AD2d 543, 545) and thus a plenary action was not required.

Assuming, arguendo, that the court had the authority to accept the stipulation, we conclude from the record before us that it was not valid without the consent of the distributees. Petitioner failed to furnish any consents, and the record establishes that at least nine of the distributees refused to consent. Thus, the court properly set aside the stipulation. (Appeal from Order of Steuben County Surrogate's Court, Furfure, S.—EPTL.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.