[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Appellant Mild Inc. ("Appellant" or "Mild") seeks review of a final Decision and Order ("Decision and Order") of the Department of Environmental Management ("DEM") pursuant to the Rhode Island Administrative Procedures Act (the "APA"), G.L. 1956 § 42-35-15, in a matter entitled In re: Mild, Inc., AAD No. 94-024/SRE (October 11, 2002). The Decision and Order, which was entered, found that the Appellant Mild had violated § 13 of DEM's Oil Pollution Control Rules and Regulations, and §§ 14.08 and 14.09 of DEM's Regulations for Underground Storage Facilities Used for Petroleum Products and Hazardous Materials, when the Appellant failed to remediate known gasoline contamination on its Exeter property. The Decision and Order requires Appellant Mild to clean up the contamination of the property and to pay DEM an administrative penalty of $24,800.
 FACTS AND TRAVEL
On or about September 14, 1994, DEM ("Respondent") issued a Notice of Violation ("NOV") which ordered Appellant to investigate and remedy known contamination on its Exeter property and to pay an administrative penalty. The NOV was served upon Appellant's registered agent, Attorney James D. Levitt. Levitt then wrote to the DEM to inform the agency that he was acting as Appellant's attorney, and to request a meeting with DEM in order to preserve Mild's right to an administrative hearing. Levitt also filed a memorandum of law in response to a motion/memorandum filed by DEM. He continued to represent the Appellant in further correspondence, at meetings with DEM, and at the October 1, 1996 hearing. At no time during these proceedings did Attorney Levitt either file a withdrawal of appearance or inform DEM that he no longer represented Appellant in this matter.
At the hearing, Attorney Levitt appeared for the Appellant and Attorney Wagner for the Respondent. The Hearing Officer noted that the parties had reached an agreement, and in lieu of convening a full administrative hearing, the Hearing Officer had counsel for DEM read the agreement into the record on that day. (See Tr. at 3.) According to the terms read aloud before Hearing Officer Kathleen Lanphear, "the Division [assumed] the responsibility for drafting the written agreement, encompassing what ha[d] been read into the record. . . ." (See Tr. at 7) The Hearing Officer then asked if the parties were satisfied that the consent agreement "constitutes a final administrative adjudication of [the] matter from which no appeal lies." (Id.) Both Attorney Levitt and Attorney Wagner replied in the affirmative. (Id.) The Hearing Officer proceeded to ask Levitt if he had been advised of the terms read into the record by DEM's counsel, and furthermore, if he had discussed the terms with Mild and whether they were in agreement with the terms that had been read into the record. (See Tr. at 7-8.) To this question, Levitt responded: "Yes, they are." (See Tr. at 8.) Finally, the Hearing Officer asked both sides if they were in agreement that the consent agreement was to take effect immediately and not approximately two weeks later, when the agreement was reduced to writing and sent to Mild's counsel, to which Levitt replied, "Correct." (Id. at 8.)
After the hearing, DEM made several attempts to meet with the Appellant to no avail. DEM then decided to file a motion asking the Administrative Adjudication Division ("ADD") to issue a written Decision and Order for the purpose of clarifying and implementing the Record Agreement. A hearing was held on October 7, 2002, over 6 years after the initial hearing, and on October 11, 2002, the Hearing Officer issued the Decision and Order. The Hearing Officer granted the request for a Decision and Order over an objection of Ronald Mann, an officer, director, or shareholder of Mild, Inc. The Appellant is now requesting that this Court review the decision of the commission, pursuant to the Rhode Island Administrative Procedures Act, R.I. Gen Laws § 42-35-15, because it believes that the Hearing Officer erred in determining that Attorney Levitt had authority to enter a consent agreement on its behalf and in issuing a Decision and Order nunc protunc.
 STANDARD OF REVIEW
When reviewing a final agency order, Section 42-35-15(g) of the General Laws governs this Court's review of a decision of the agency. This section provides for review of a contested agency decision:
 "The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon lawful procedure;
 (4) Affected by other error [or] law; sic
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole records; or
 (6) Arbitrary or capricious or characterized by abuse of direction or clearly unwarranted exercise of discretion."
Sitting as an appellate court with a limited scope of review, the Superior Court justice may not substitute his or her judgment for that of the agency with respect to the credibility of the witnesses or the weight of the evidence as to the questions of fact. Center for Behavioral Health v. Barros, 710 A.2d 680, 684
(R.I. 1998); Mine Safety Appliances Co. v. Berry,620 A.2d 1255, 1259 (R.I. 1998).
When reviewing a final agency order, the Superior Court sits as an appellant court in accordance with the statutory jurisdiction conferred upon it by the Rhode Island Administrative Procedures Act, G.L. § 42-35-15(g). The review by the Superior Court is a continuation of the administrative process and is extremely limited in respect to findings of fact. National Velour Corp. v.Durfee, 637 A.2d 375, 391 (R.I. 1994). "The Superior Court is precluded from substituting its judgment for that of the agency and must affirm the agency's decision unless the agency's findings in support of its decision are completely bereft of any competent evidentiary support." Rocha v. State of Rhode IslandPublic Utilities Commission, 694 A.2d 722, 726 (R.I. 1997).
 THE ATTORNEY'S AUTHORITY
Appellant first argues that Attorney Levitt had neither actual nor apparent authority to enter the October 1, 1996 consent agreement, on Mild, Inc.'s behalf. Respondent counters that Attorney Levitt had actual authority, but even assuming arguendo that he lacked it, at the very least, the Court should find that he possessed apparent authority to enter into a consent agreement for the Appellant, Mild Inc.
The Restatement (Second) defines an attorney's or agent's actual authority as an agent's power to affect the legal relationships of the principal "by acts done in accordance with the principal's manifestations of consent to him." Restatement (Second) Agency § 7 (1958). Apparent authority is defined as "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons." Restatement (Second)Agency § 8 (1958). Further, "if an attorney has apparent authority to settle a case and the opposing counsel has no reason to doubt that authority, the settlement will be upheld." Parillov. Chalk, 681 A.2d 916, 919 (R.I. 1996) (citing Fennell v. TLBKent Co. Co., 865 F.2d 498, 502 (2nd Cir. 1989)).
The Rhode Island Supreme Court has held, in Cohen v. Goldman,85 R.I. 434, 439, 132 A.2d 414, 417 (R.I. 1957), that "[i]t is the conduct of the client and not that of the attorney which must be considered in determining whether apparent authority exists, and if it does, the client is bound by what the attorney does." In Cohen, the appellants' attorney forged his client's signature on a release in return for $1,500 in full settlement of the claim, and then failed to distribute any part of said monies to his client. (Id. at 415.) Thereafter, the client hired new counsel and filed an action alleging that the matter was compromised without his consent. (Id.) Rejecting appellants' argument, our Supreme Court held that although "the mere engagement of an attorney does not ipso facto imply authority to compromise his client's case," the "petitioner's conduct, innocent though it may have been, placed his attorney in such a situation that a person of ordinary prudence and discretion would have been justified in assuming . . . that the attorney was authorized to . . . compromise . . . that case." (Id. at 417.)
More recently, in Parillo v. Chalk, 681 A.2d 916, 919 (R.I. 1996), the Rhode Island Supreme Court reaffirmed its position that a determination as to whether apparent authority exists is contingent upon the client's conduct. Parillo concerned an attorney who forged clients signatures on a dismissal stipulation, despite the fact that he "was not the lawyer who brought the lawsuit on behalf of plaintiffs; he did not sign file, or case the summons and complaint to be served upon the defendants; nor was he otherwise an attorney of record for plaintiffs." (Id. at 918, 920.) Taking all of these factors into account, the Court held that the attorney who agreed to this stipulation did not possess apparent authority to consent to such an agreement. (Id.) In reaching its decision, the Court pointed out that, in contrast to the opposing attorneys in Cohen, the opposing parties and their counsel "were not so innocent [inParillo], at least in the sense that they knew that before the dismissal stipulation was signed by [one attorney], [two other attorneys] had filed pleadings or other court papers on behalf of the Parillos." (Id.)
In the instant case, DEM was justified in assuming that Attorney Levitt had, at the very least, apparent authority to settle and enter into a consent agreement on behalf of his client, Mild, Inc. Levitt responded to the September 1994 NOV sent by DEM to Mild, and continued to represent Mild up until and during the hearing, which took place in October of 1996. Furthermore, there is nothing in the evidence before the Court that indicates that Levitt withdrew his appearance on behalf on Mild, and DEM was never otherwise notified that Levitt no longer represented Mild in this matter. Based on the evidence presented to the Court, this Court finds that the Agency's findings were not affected by error of law because Mild gave Attorney Levitt the apparent authority to represent it in the October 1996 hearing and DEM was justified in its reliance that Levitt had authority to bind Mild to the terms of the consent agreement that was read into the record on that date.
 AGREEMENT ON THE RECORD
Next, Appellant argues that because the Hearing Officer instructed the Respondent to reduce the consent agreement to writing so that Appellant could then sign the agreement, the reading of the agreement on the record did not, in fact, constitute a final agreement by the parties. Conversely, Respondent argues that since the agreement was read into the record, and the Hearing Officer stated that "the agreement that is read into the record and agreed upon by the parties constitutes a final administrative adjudication from which no appeal lies," the consent agreement on the record, agreed to by Levitt, is valid and should be upheld.
Section 42-35-12 of the Rhode Island General Laws states "[a]ny final order adverse to a party in a contested case shall be in writing or stated in the record." G.L. § 42-35-12. DEM'sAdministrative Rules of Practice and Procedure for theAdministrative Adjudication Division for Environmental Matters
("AAD Rules") states that "[a]ll decisions rendered by an AHO at the conclusion of a hearing shall be in writing and shall comply with the requirements of . . . § 42-35-12." AAD Rules § 16.00.
Moreover, our Rhode Island Supreme Court has repeatedly held that "`stipulated agreements [must] be placed on the record or * * * be reduced to an agreed-upon writing [to ensure] that the agreement itself does not become a source of further controversy and litigation.'" In re McBurney Law Services, Inc.,798 A.2d 877, 881 (citing DiLuglio v. Providence Auto Body, Inc.,755 A.2d 757, 776 (R.I. 2000)) (quoting E.W.H. Associates v.Swift, 618 A.2d 1287, 1288-89 (R.I. 1993)). If a stipulation meets these conditions and has not been the "product of fraud, mutual mistake or lack of consent," the stipulation should be honored. (See id.) "[A]bsent an agreement of the parties to do so, a stipulation has the attributes of a consent order or consent judgment and cannot be set aside simply because a litigant no longer wants to be bound by its terms." (Id. at 882.) (citing DeFusco v. Giorgio, 440 A.2d 727, 729 (R.I. 1982)).
In the case at bar, it is undisputed that the consent agreement was read into the record at the October 1, 1996, hearing. On the day of the hearing, the Hearing Officer made it clear to the parties that the agreement that was read on the record "constitutes a final administrative adjudication from which no appeal lies." (See Tr. at 7). Attorney Levitt responded, "Yes, we are in agreement for Mild." (Id.) The Hearing Officer also asked counsel if they were in agreement that the time provisions in the Record Agreement would "begin to run from [the morning of October 1, 1996] and not be effected [sic] by the fact that the written agreement [would] not be forwarded to counsel for two weeks . . ." to which Levitt replied, "Correct." (Id. at 8). Based on these facts, this Court finds Mild's contention that the Record Agreement constituted a preliminary agreement to be unavailing, especially considering that said argument was raised six years after the October 1, 1996, Record Agreement. Mild's refusal to sign a consent agreement subsequent to the October 1, 1996, hearing in no way diminishes the finality of the October 1, 1996, Record Agreement. Thus, it is clear to this Court that the Hearing Officer's issuance of a Decision and Order, nunc protunc, for the purpose of clarifying and implementing the Record Agreement was justified. See DeCarli v. Webber, 784 A.2d 288,290 (R.I. 2001) (per curiam) (quoting 20 Am. Jur. 2d Courts § 29 (2000)) (stating that "[t]he power to grant a nunc pro tunc
order . . . is an inherent power whereby the trial court may . . . correct or amend the record . . . `where [it] contains an incorrect entry or fails to record a substantial occurrence in the proceeding.'")
 WAS MILD INC. REPRESENTED AT THE OCTOBER 2002 HEARING?
Finally, this Court finds that Mild, Inc. was not appropriately represented at the October 7, 2002 hearing and, therefore, could not object to DEM's Motion for Decision and Order. The Rhode Island Supreme Court has definitively stated that a corporation may be represented only by licensed counsel unless it can show "why it should not be required to comply with this rule."Plantations Legal Defense Services, Inc. v. Corrine Grande,121 R.I. 875, 876, 403 A.2d 1084, 1085 (R.I. 1979) (citing In re LasColinas Development Corp., 585 F.2d 7, 13 (1st Cir. 1978); Inre Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976)). At the 2002 hearing, the Hearing Officer acknowledged that Mild's CEO, Ronald Mann, appeared for Mild but was allowed to speak only in an individual capacity. At no time during the hearing, did Mild provide a reason as to why it was not represented by licensed counsel, and the Court's file indicates that proper service was made by DEM to Mild's Agent, Carol Mann. Consequently, when Appellant corporation failed to properly raise or preserve through legal counsel an objection to DEM's Motion for Default Judgment at the October 2002 hearing, Appellant waived its right to object under the "raise or waive" rule. SeeState v. Harnois, 853 A.2d 1249, 1255 (R.I. 2004).
 CONCLUSION
After review of the entire record, this Court finds the decision of the Rhode Island Department of Environmental Management, entering a Decision and Order nunc pro tunc, is not in its statutory authority or made upon unlawful procedure. Substantial rights of the Appellant have not been prejudiced. Accordingly, the Decision and Order of the Department of Environmental Management for the State of Rhode Island is hereby affirmed.
Counsel shall prepare the appropriate judgments for entry.