In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated November 29, 2007, which granted the plaintiffs motion, in effect, to vacate a general release and a stipulation of discontinuance, and to restore the action to the active calendar.
*405 Ordered that the order is affirmed, with costs.
In October 2006 the plaintiff was involved in a motor vehicle accident with the defendants and sustained personal injuries. Thereafter, he retained an attorney (hereinafter the attorney) to represent him in an action against the defendants.
In March 2007 the attorney negotiated a settlement of the action with a representative of GEICO Insurance Company (hereinafter GEICO) in the amount of $35,000. He forwarded a stipulation of discontinuance and a general release to GEICO on or about March 16, 2007. The release purportedly was signed by the plaintiff and notarized by the attorney. Thereafter, a joint settlement check was forwarded by GEICO to the attorney.
The plaintiff claimed to have had no knowledge of the settlement negotiations and transactions, and asserted that he became aware of them only upon telephoning GEICO in July 2007 after attempts to contact the attorney proved unsuccessful.
The plaintiff moved to vacate the general release and the stipulation of discontinuance, and to restore the action to the active calendar, asserting that he neither authorized nor consented to the settlement, that the signature on the general release and endorsement on the settlement check were forgeries, and that he never received any of the proceeds. The Supreme Court granted the plaintiffs motion.
An attorney must be specifically authorized to settle and compromise a claim, as an attorney has no implied power by virtue of his general retainer to compromise and settle his client’s claim (see Hallock v State of New York, 64 NY2d 224, 230 [1984]; Nash v Y & T Distribs., 207 AD2d 779, 780 [1994]). Here, the plaintiff established, and it is not disputed, that he did not expressly authorize the attorney to settle the instant action. In opposition, the defendants failed to satisfy their burden of showing that the attorney had the apparent authority to settle the case (see Nash v Y & T Distribs., 207 AD2d at 781). Accordingly, the plaintiffs motion was properly granted.
The defendants’ remaining contentions are without merit. Spolzino, J.E, Ritter, Santucci and Garni, JJ., concur.