| **Foster v City of New York** |
|:---:|
| 2025 NY Slip Op 31148(U) |
| April 7, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 450600/2025 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. RICHARD TSAI**</u>     **PART**        **21**

*Justice*

-----------------------------------------------------------------------------X

BEVALIE FOSTER,

                     Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK CITY TRANSIT
AUTHORITY, METROPOLITAN TRANSPORTATION
AUTHORITY, MTA BUS COMPANY, CLIFFORD ANTOINE,
THE COUNTY OF NASSAU, THE NASSAU COUNTY
POLICE DEPARTMENT and IAN PAUL RODGERS,

                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 450600/2025 |
| **MOTION DATE** | 03/05/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 56-72

were read on this motion to/for          <u>CHANGE VENUE</u> .

       Upon the foregoing documents, it is it is hereby **ORDERED** that this motion by defendants County of Nassau, Nassau County Police Department and Ian Paul Rodgers (Nassau County Defendants) to transfer the venue of this action to Supreme Court, Nassau County is **GRANTED** and the venue of this action is changed from this Court to Supreme Court, Nassau County; and it is further

       **ORDERED** that the cross-motion by plaintiff seeking sanctions for the filing of this motion is **DENIED**; and it is further

       **ORDERED** that the Clerk of this Court shall transfer the file in this action to the Clerk of the Supreme Court, Nassau County and shall mark his records to reflect such transfer; and it is further

       **ORDERED** that, within 30 days from entry of this order, counsel for Nassau Defendants shall serve a copy of this order with notice of entry upon the Clerk of this Court, shall pay the appropriate transfer fee, if any, and shall contact the staff of the Clerk of this Court and cooperate in effectuating the transfer; and it is further

       **ORDERED** that the Clerk of the Court shall coordinate the transfer of the file in this action with the Clerk of the Supreme Court, Nassau County, so as to ensure an efficient transfer and minimize insofar as practical the reproduction of documents, including with regard to any documents that may be in digital format; and it is further

**450600/2025 FOSTER, BEVALIE vs. THE CITY OF NEW YORK ET AL**
**Motion No. 002**

**Page 1 of 4**

1 of 4

[* 1]

**ORDERED** that service of this order upon the Clerk of the Court[1] and the Clerk of the General Clerk's Office[2] shall be made in accordance with the procedures set forth in Section J of the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf [last accessed April 7, 2025]); and it is further

**ORDERED** that the preliminary conference, motion conference and oral argument on plaintiff's motion to compel (Seq. No. 001) scheduled for April 24, 2025 at 3:00 P.M. are **CANCELED**.

In this action arising out of a motor vehicle collision, on August 23, 2024 at 6:15 p.m., plaintiff was allegedly a passenger on a bus which allegedly made contact with a police car, near the intersection of 360 Sunrise Highway, Valley Stream, in Nassau County.

The bus was allegedly owned by defendant New York City Transit Authority (NYCTA) and operated by defendant Clifford Antoine, within the scope of his employment with defendants New York City Transit Authority and Metropolitan Transportation Authority (MTA). The police car was allegedly operated by defendant Ian Paul Rodgers, and Rodgers was allegedly operating the vehicle in the scope of his employment with defendants County of Nassau and/or Nassau County Police Department (summons and complaint [NYSCEF Doc. No. 1]; Answer by New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company and Clifford Antoine (collectively, Transit Defendants) [NYSCEF Doc. No. 8]; answer by Nassau Defendants [NYSCEF Doc. No. 24]; plaintiff's verified bill of particulars in response to demand by Transit Defendants [NYSCEF Doc. No. 32] ¶¶ 4-10; plaintiff's verified bill of particulars in response to demand by Nassau Defendants [NYSCEF Doc. No. 33] ¶¶ 1-4).

On this motion, there is no dispute that venue was improperly transferred to New York County, based on a stipulation dated January 14, 2025 that was not signed by the Nassau County Defendants (*see* exhibit D in support of motion [NYSCEF Doc. No. 61], stipulation to change venue). At the time that the stipulation was signed by the other parties, the Nassau County Defendants had already appeared and answered the

---

[1] Pursuant to Section J, service upon the County Clerk of Supreme Court, New York County is done by filing with NYSCEF a completed *Notice to the County Clerk - CPLR § 8019 (c)* (NYSCEF Form EF-22, available on the NYSCEF site) (*see infra*).

[2] Pursuant to Section J, service upon the Clerk of the General Clerk's Office is done by posting to NYSCEF a copy of the order, with notice of entry (if required by the court), "using the NYSCEF document type 'Service on Supreme Court Clerk (Genl. Clerk) w/Copy of Order'" and the filer must provide "as additional information (in the 'Additional Document Information' field) a brief description of the type of order being submitted (e.g., 'Order of Consolidation' . . . )."

**450600/2025   FOSTER, BEVALIE vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 2 of 4**

2 of 4

[* 2]

complaint on December 31, 2024 (NYSCEF Doc. No. 24). However, there was no signature line on the stipulation for the Nassau County Defendants.

Plaintiff opposes the motion on the ground that the stipulation was so-ordered, and that the transfer of venue back to Nassau County will further delay the case, which serves to prejudice plaintiff. As plaintiff appears to point out, there is a conflict between CPLR 504 (1) and CPLR 505 (a)-(b). Under CPLR 504 (1), Nassau County Defendants would be entitled to venue in Nassau County, whereas under CPLR 505 (a) and (b), Transit Defendants would be entitled to venue in New York County. Plaintiff therefore argues, "One municipal defendant will have to defend at an external venue (affirmation in opposition to motion and in support of cross motion [NYSCEF Doc. No. 68] ¶ 10).

"An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing *subscribed by him or his attorney* or reduced to the form of an order and entered" (CPLR 2104 [emphasis added]). Because the stipulation was not fully executed by all the parties who appeared in the action, the stipulation is therefore vacated (*Matter of Drake*, 278 AD2d 929, 929 [4th Dept 2000] [setting aside stipulation where record established that it was not consented to by all necessary parties]; *see Headley v City of New York*, 115 AD3d 804, 807 [2d Dept 2014] [stipulation of settlement cannot be enforced because defendants never signed the stipulation of settlement]). The parties are therefore put back in the position they were in as if the stipulation had never been made, i.e., the case must go back to Nassau County.

Pursuant to CPLR 502, "[w]here, because of joinder of claims or parties, there is a conflict of provisions under this article, the court, upon motion, shall order as the place of trial one proper under this article as to at least one of the parties or claims." However, the issue of whether the action should be transferred to New York County over the objection of the Nassau County Defendants must, in the first instance, be addressed by the Supreme Court in Nassau County, where venue was originally laid.

Any resulting prejudice to plaintiff due to a delay in this case was self-inflicted, inasmuch as the stipulation to change venue had omitted the Nassau County Defendants.

Therefore, Nassau County Defendants' motion to transfer venue back to Nassau County is granted.

Plaintiff has cited no basis for why this court should sanction Nassau County Defendants for making this meritorious motion. Therefore, plaintiff's cross-motion for

450600/2025   FOSTER, BEVALIE vs. THE CITY OF NEW YORK ET AL
Motion No. 002

Page 3 of 4

3 of 4

sanctions is denied.

        This constitutes the decision and order of the court.

20250407160705RTSAID979A5BD38544B0B80E9B01E1A2C3F01

| | | | |
|---|---|---|---|
| **4/7/2025** | | | |
| **DATE** | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| Motion | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| Cross-Motion | | GRANTED | X DENIED | DENIED | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

450600/2025   FOSTER, BEVALIE vs. THE CITY OF NEW YORK ET AL
Motion No.  002

Page 4 of 4

4 of 4

[* 4]