■ **CAROL COOPER** et al., Appellants, v **ELAINE GALATA**, Respondent.—In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), dated August 31, 1988, which dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court dismissed the complaint for legal insufficiency after the plaintiffs moved, inter alia, to dismiss the affirmative defenses interposed by the defendant in her answer. Although the defendant did not cross-move for dismissal, she did argue in response to the plaintiffs' application that the complaint was legally insufficient and requested dismissal. The plaintiffs argued, in reply, that they had a valid cause of action. They did not indicate that they had other claims or evidence which would make out a good cause of action in the event the court agreed with defendant. Under these circumstances, there was no procedural impropriety in the dismissal of the complaint (see, Weiss v Weiss, 138 AD2d 482). Further-

more, the record supports the court's dismissal of the causes of action to recover damages for breach of an agreement, an accounting and imposition of a constructive trust. The first two causes of action were premised upon an agreement violative of the Statute of Frauds (see, General Obligations Law § 5-701 [a] [1]; *Meltzer v Koenigsberg,* 302 NY 523) and the third cause of action also arising out of this agreement, failed to plead facts warranting the imposition of a constructive trust (see, *Simonds v Simonds,* 45 NY2d 233). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.