■ SALLY SIEGEL, Appellant, v OCEAN PARK HOUSING COMPANY, INC., et al., Defendants, and WERNER & ZAROFF, P. C., Respondent. [668 NYS2d 932] —In an action to recover damages for negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated January 13, 1997, as, upon reargument, adhered to a prior determination granting that branch of her motion which was to dismiss the respondent former attorney for just cause, and denied that branch of her motion which sought to vacate and set aside a stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement may be set aside "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Hallock v State of New York,* 64 NY2d 224, 230; *see, Matter of Frutiger,* 29 NY2d 143, 149-150; *Wilutis v Wilutis,* 184 AD2d 639). In the absence of such a showing, the plaintiff must demonstrate that her agent was without authority to enter into the settlement, and therefore no contract ever came into being (*see, Hallock v State of New York,* 64 NY2d 224, 231, *supra; Matter of Kanter,* 209 AD2d 365).

The plaintiff's law firm of record had the authority to enter into the stipulation of settlement which provided for the division of legal fees between it and the respondent (*see, Hallock v State of New York, supra; Ford v Unity Hosp.,* 32 NY2d 464, 473). Any reliance upon the stipulation of settlement by the court or the respondent was reasonable in light of the parties' past dealings (*see, Nash v Y & T Distribs.,* 207 AD2d 779, 780-781). Therefore, the plaintiff's motion to vacate the stipulation of settlement was properly denied.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.