■ Joseph Crenshaw Builders, Inc., Plaintiff, v Summit General Contracting Corp. et al., Defendants, Town of Brookhaven et al., Respondents, and Summit Waterproofing & Restoration Corp., Appellant. [686 NYS2d 781] —In an action to foreclose on a mechanic's lien, the interpleader defendant Summit Waterproofing & Restoration Corp. appeals (1) from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 10, 1997, as granted the motion of the defendant interpleader plaintiff Town of Brookhaven to discharge the Town as a stakeholder and denied its cross motion to dismiss certain Lien Law claims, and (2) from so much of an order of the same court, dated October 8, 1997, as, *sua sponte,* modified the order dated February 10, 1997, by vacating a so-ordered stipulation of settlement dated November 16, 1996.

Ordered that, on the Court's own motion, the appellant's notice of appeal from the order dated October 8, 1997, is treated as an application for leave to appeal therefrom, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated February 10, 1997, is dismissed, as that order was superseded by the order dated October 8, 1997; and it is further,

Ordered that the order dated October 8, 1997, is reversed insofar as appealed from, the stipulation is reinstated, the motion and cross motion are denied as academic, and the order dated February 10, 1997, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs pay-

able by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in setting aside the parties' stipulation without a showing of fraud, collusion, mistake, or accident (see, Hallock v State of New York, 64 NY2d 224, 230; Siegel v Ocean Park Hous. Co., 248 AD2d 459).

In light of the foregoing, the defendant Fireman's Fund Insurance Company may, if it be so advised, renew its motion to resettle the reinstated stipulation. S. Miller, J. P., Thompson, Sullivan and McGinity, JJ., concur.