(August 28, 2000)

■ WAEL ABDELATIF, Respondent, v MOHAMMED F. ELGAMMSSY, Appellant. [713 NYS2d 69] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Queens County (LeVine, J.), dated August 24, 1999, which granted the plaintiff's motion to compel the defendant's insurance carrier to pay a settlement and denied his cross motion to vacate the settlement and to dismiss the complaint, and (2) a judgment of the same court, dated December 16, 1999, which, upon an order of the same court, dated December 3, 1999, *inter alia,* denying that branch of his motion which was for renewal, is in favor of the plaintiff and against him in the principal sum of $5,000.

Ordered that the notice of appeal from an order dated December 3, 1999, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated August 24, 1999, is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff commenced the instant action alleging that he was involved in an automobile accident with the defendant. Soon after the defendant's insurance carrier settled the action, the defendant denied that he was in an accident with the plaintiff, and alleged that the plaintiff had staged the alleged accident in order to commit insurance fraud.

Stipulations of settlement are favored by the courts and not lightly cast aside. Nevertheless, where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, a party may be relieved from the consequences of a

stipulation made during litigation (*see, Hallock v State of New York,* 64 NY2d 224). On this record, the defendant has made allegations sufficient to warrant a hearing. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.