■ JACK BINENSZTOK et al., Respondents, v JOHN J. BELLO, JR., et al., Appellants, et al., Defendant. [728 NYS2d 750] —In an

action to recover damages for personal injuries, etc., the defendants John J. Bello, Jr., and L.M.V. Leasing, Inc., and the counterclaim defendant, Jack Binensztok, separately appeal, by permission, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 6, 2000, as, in effect, upon reargument of an order of the same court dated June 7, 2000, denied their respective motions to enforce a stipulation of settlement dated February 3, 1999, and, *sua sponte*, vacated the stipulation of settlement.

Ordered that on the Court's own motion, the notices of appeal from so much of the order dated September 6, 2000, as, *sua sponte*, vacated the stipulation of settlement are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the order dated June 7, 2000, is vacated, the appellants' respective motions to enforce the stipulation of settlement are granted, and it is further,

Ordered that within 30 days of the date of service upon them of a copy of this decision and order, the respondents shall serve upon the attorney for the appellants and the attorneys for the defendant Russell X. Cassirer, duly-executed general releases and stipulations of discontinuance in accordance with the stipulation of settlement.

On February 3, 1999, the parties to this action entered into a stipulation of settlement which was placed on the record in open court. The stipulation of settlement clearly provided that the amounts to be paid in settlement were to be preceded by the receipt, by the various defense attorneys, of "a general release, a stipulation of discontinuance, and such other writings as may be reasonably and necessarily required with respect to any lien or encumbrance if there be any."

The court erred when it disposed of the appellants' respective motions to enforce the stipulation of settlement in such a way as to require the issuance of settlement checks before the respondents executed, and before adverse counsel received, the general releases and stipulations of discontinuance. Upon reargument, the Supreme Court should have corrected this error by granting the appellants' respective motions to enforce the stipulation of settlement according to its unambiguous terms. The stipulation of settlement clearly provides that the various defendants, and Jack Binensztok in his capacity as the defendant on the counterclaim, have no obligation to perform their

part of the agreement until after the respondents have executed and delivered signed releases and stipulations of discontinuance.

Under the circumstances of this case, the respondents should be afforded a period of 30 days from the date of service upon them of a copy of this decision and order within which to execute and forward general releases and stipulations of discontinuance to all adverse counsel in accordance with the stipulation of settlement.

The Supreme Court, in effect, upon reargument, *sua sponte*, vacated the stipulation of settlement and restored the matter to the trial calendar. This was error. No party requested this relief. In addition, stipulations of settlement are to be set aside "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Royal York Realty v Ancona*, 280 AD2d 593; *see, Hallock v State of New York*, 64 NY2d 224, 230; *see also, Abdelatif v Elgammssy*, 275 AD2d 432). Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.