■ In the Matter of the Estate of MARGARET B. DAVIS, Deceased. COREY MEISTER et al., Appellants; WILLIAM J. DAVIS, Respondent. RICHARD COREY, Nonparty Appellant. (Matter No. 1.) COREY MEISTER et al, Appellants, v WILLIAM J. DAVIS, Respondent. RICHARD COREY, Nonparty Appellant. (Matter No. 2.) [738 NYS2d 884] —In a probate proceeding (matter No. 1) and an action for a judgment declaring the rights of the parties to certain premises (matter No. 2), Corey Meister, Frances Corey, and Richard Corey appeal, as limited by their brief, from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated February 27, 2001, which, inter alia, denied their motion to vacate a stipulation of settlement and granted the respondent's cross motion to enforce the stipulation.

Ordered that the decree is affirmed, with costs payable by the appellants personally.

The appellants, with counsel present, entered into a stipulation in open court settling both this probate proceeding (matter No. 1) and declaratory judgment action (matter No. 2). They later moved to vacate the stipulation on the ground, inter alia, that their attorney for the declaratory judgment action was absent.

Stipulations of settlement, especially those made in open

court, are favored by the courts and not lightly cast aside (*see, Hallock v State of New York,* 64 NY2d 224, 230; *Burkart v Burkart,* 182 AD2d 798). "[O]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York, supra* at 230; *Matter of Frutiger,* 29 NY2d 143, 149-150). The appellants failed to demonstrate that the stipulation of settlement should be vacated on the ground that it contains a material mistake.

The record reflects that the appellants, without voicing any objection, entered into the stipulation utilizing an attorney cloaked with apparent authority to represent them in both the probate proceeding and the declaratory judgment action (*see, Hallock v State of New York, supra* at 231; *Ford v Unity Hosp.,* 32 NY2d 464, 473). Thus, the appellants' claim that the stipulation should be vacated because it was entered into in the absence of their attorney for the declaratory judgment action is unpersuasive.

The appellants' remaining contentions are without merit. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.