■ MARIE DAVIS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and VAN DYKE HOUSES et al., Respondents. [754 NYS2d 285] —In an action to recover damages for personal injuries, the defendant New York City Housing Authority appeals, by permission, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated May 1, 2002, as, in effect, granted its motion, inter alia, to vacate an order of the same court, dated March 26, 2002, which, sua sponte, vacated a settlement agreement only to the extent of directing a hearing to aid in the disposition of the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the order dated March 26, 2002, is vacated, and, within 30 days of the date of service upon her of a copy of this decision and order, the plaintiff shall furnish the appellant with an affidavit concerning any liens upon the settlement.

The appellant demonstrated, without opposition, that the plaintiff's counsel stipulated, in open court, to settle this action against it and the defendant City of New York. The Supreme Court's records reflect that settlement. In addition, the plaintiff executed a general release in favor of the appellant, and her signature on the release was notarized by her attorney. For reasons that do not appear in the record, by order dated March

26, 2002, the Supreme Court, sua sponte, vacated the settlement. The appellant thereafter moved, inter alia, to vacate the order dated March 26, 2002. Its motion was unopposed. The Supreme Court directed a hearing to aid in the disposition of the appellant's motion.

The appellant's motion should have been granted. A stipulation of settlement made in open court by a party's attorney pursuant to CPLR 2104 is binding on that party. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York,* 64 NY2d 224, 230; *see Matter of Davis,* 292 AD2d 452, 453, *lv denied* 98 NY2d 692; *Binensztok v Bello,* 285 AD2d 619, 621; *Siegel v Ocean Park Hous. Co.,* 248 AD2d 459, 460; *Nash v Y & T Distribs.,* 207 AD2d 779, 780; *Matter of Gruntz,* 168 AD2d 558, 559). Absent a showing of any of the foregoing grounds, a party may set a stipulation of settlement aside only by establishing that his or her attorney was without any authority to enter into the settlement, so that no contract ever existed (*see Hallock v State of New York, supra*). As the record discloses no basis to set aside the settlement, the Supreme Court should have granted the appellant's motion rather than directed a hearing to aid in its disposition.

In light of our determination, we need not reach the appellant's remaining contention. Friedmann, J.P., H. Miller, Cozier and Mastro, JJ., concur.