■ Amar S. Daulat, Appellant, v Helms Bros., Inc., Respondent. [795 NYS2d 456]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated May 4, 2004, which denied his motion, among other things, to vacate a so-ordered stipulation dated February 11, 2004, and an oral agreement dated November 13, 2003, withdrawing the causes of action to recover damages for mental distress and harassment and to reinstate those causes of action, and granted stated portions of the defendant's cross motion.

Ordered that the order is affirmed, with costs.

The purported oral agreement entered into on the plaintiff's behalf by his attorney at his deposition withdrawing the causes of action to recover damages for mental distress and harassment was not binding upon the plaintiff (*see* CPLR 2104; *Kleinberg v Ambassador Assoc.,* 64 NY2d 733 [1984]; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1 [1972]; *Margolis v New York City Tr. Auth.,* 233 AD2d 483 [1996]; *Kushner v Mollin,* 144 AD2d 649 [1988]). However, the Supreme Court properly denied the plaintiff's motion, inter alia, to vacate a so-ordered stipulation dated February 11, 2004, and the oral agreement, withdrawing those causes of action on the ground that there was no legal basis on which those causes of action could survive (*see e.g. Howell v New York Post Co.,* 81 NY2d 115 [1993]; *Wehringer v Standard Sec. Life Ins. Co. of N.Y.,* 57 NY2d 757 [1982]).

On its cross motion, inter alia, to dismiss the complaint, the defendant argued that the causes of action to recover damages for mental distress and harassment were legally insufficient and should not be reinstated. In opposition, the plaintiff asserted that he still wished to pursue those causes of actions but did not proffer other evidence to support them. Under these circumstances, the Supreme Court correctly denied that branch of the plaintiff's motion which was to reinstate those causes of action (*see Cooper v Galata,* 150 AD2d 417 [1989]; *Weiss v Weiss,* 138 AD2d 482 [1988]). Furthermore, the record supports a finding that the plaintiff failed to state a cause of action to recover damages for mental distress (*see Howell v New York Post Co.,* 81 NY2d 115, 122 [1993]; *Wehringer v Standard Sec. Life Ins. Co. of N.Y.,* 57 NY2d 757 [1982]). Moreover, New York does not recognize a common-law cause of action to recover damages for harassment (*see Broadway Cent. Prop. v 682 Tenant Corp.,* 298 AD2d 253, 254 [2002]; *Goldstein v Tabb,* 177 AD2d 470 [1991]).

The plaintiff's remaining contentions are without merit (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Davis v New York City Hous. Auth.,* 300 AD2d 531 [2002]; *Matter of Davis,* 292 AD2d 452, 453 [2002]; *Binensztok v Bello,* 285 AD2d 619, 621 [2001]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.