Estate of Michael Reid v Reid (2018 NY Slip Op 01044)





Estate of Michael Reid v Reid


2018 NY Slip Op 01044


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-09010
 (Index No. 28888/11)

[*1]Estate of Michael Reid, respondent, 
v
Irene Reid, appellant.


Tor Jacob Worsoe, Jr., Holtsville, NY, for appellant.
Fuchs & Eichen, Harrison, NY (Linda A. Eichen of counsel), for respondent.



DECISION & ORDER
Appeal from stated portions of a judgment of divorce of the Supreme Court, Queens County (Elizabeth A. Anderson, Ct. Atty. Ref.), entered July 2, 2015. The judgment, upon an order of that court entered January 17, 2014, inter alia, sua sponte, setting aside a stipulation of settlement, and upon an amended decision of that court dated April 20, 2015, made after a nonjury trial, inter alia, equitably distributed the marital property of Michael Reid and the defendant.
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law, with costs, so much of the order entered January 17, 2014, as, sua sponte, set aside the stipulation of settlement is vacated, and the stipulation of settlement is reinstated.
Michael Reid (hereinafter the decedent) and Irene Reid (hereinafter the defendant) were married in 1984. In December 2011, the decedent commenced this action for a divorce and ancillary relief. On June 6, 2013, in open court, the decedent and the defendant, represented by their respective counsel, announced that they had entered into a comprehensive stipulation of settlement of all outstanding issues regarding, inter alia, the equitable distribution of the marital property (hereinafter the stipulation). After an inquiry on the grounds for divorce, the Supreme Court granted the decedent a divorce and satisfied itself that the stipulation had been knowingly, voluntarily, and intelligently entered into by both parties. The stipulation, which was executed on the same date, was duly notarized and contained specific acknowledgments that it had been read by the parties and was understood by them, that the parties had an opportunity to discuss it with counsel, and that it was not the result of fraud, duress, or undue influence.
In November 2013, the decedent moved, inter alia, to reform certain provisions of the stipulation and to enforce other provisions of the stipulation. The defendant opposed the motion and cross-moved, in January 2014, to enforce the terms of the stipulation. On January 15, 2014, the parties appeared before the Supreme Court to argue their respective motions. After hearing from both sides, the court, sua sponte, and over the defendant's objection, set aside the stipulation. The transcript was so-ordered by the court on January 17, 2014. Following a nonjury trial, the court issued a judgment of divorce. The defendant appeals from stated portions of the judgment.
As an initial matter, the order entered January 17, 2014, is properly brought up for review on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The defendant contends that the Supreme Court erred in, sua sponte, setting aside the stipulation. We agree. Neither the decedent nor the defendant requested that the court set aside the stipulation (see Barany v Barany, 71 AD3d 613, 614-615; Davis v New York City Hous. Auth., 300 AD2d 531, 532; Matter of Young v Young, 299 AD2d 783, 784; Binensztok v Bello, 285 AD2d 619). Moreover, stipulations of settlement are favored by the courts and not lightly cast aside. "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (Hallock v State of New York, 64 NY2d 224, 230; see Davis v New York City Hous. Auth., 300 AD2d at 532; Binensztok v Bello, 285 AD2d 619; Joseph Crenshaw Bldrs., Inc. v Summit Gen. Contr. Corp., 259 AD2d 595). Here, the court did not conclude that any of these grounds were present.
Accordingly, the judgment of divorce must be reversed insofar as appealed from, so much of the order entered January 17, 2014, as, sua sponte, set aside the stipulation must be vacated, and the stipulation must be reinstated.
In light of our determination, we do not reach the parties' remaining contentions.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court