■ SARAH SILVER et al., Appellants-Respondents, v. PARKDALE BAKE SHOP, INC., Respondent-Appellant, and DOROTHY ZENKER, Respondent.— Order denying plaintiffs' motion to vacate the settlement and to restore the case to the Ready Day Jury Calendar reversed on the law and in the court's discretion and the motion granted, with $20 costs and disbursements to plaintiffs-appellants. All pleadings, including cross complaint, are reinstated. Plaintiff Sarah Silver in her affidavit asserts unequivocally that at no time did she consent to the settlement entered into by her attorney, nor was she consulted with respect thereto. It is further alleged that upon learning of the settlement she objected thereto on the ground that it was inadequate. An attorney may not settle or compromise his client's case in the absence of consent by the client. (Countryman v. Breen, 241 App. Div. 392, affd. 268 N. Y. 643.) As the record stands, it appears that the plaintiffs did not consent to the settlement and there being no proof to the contrary, the settlement should be set aside. Plaintiffs should not have been required to secure an affidavit from their former attorney, for whom they have substituted other counsel. If defendants had

reason to believe that plaintiffs had authorized their attorney to enter into the settlement, it was their duty to come forward with proof in that respect. Order denying defendant's cross motion unanimously affirmed, without costs. Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ.