■ JOSEPH A. FARALDO, Respondent-Appellant, v STANDARDBRED OWNERS ASSOCIATION, INC., et al., Appellants-Respondents, et al., Respondents.—In a proceeding, *inter alia,* to set aside the election of directors and officers of the Standardbred Owners Association, Inc., the cross appeals are from a judgment of the Supreme Court, Nassau County, entered July 30, 1979, which, *inter alia,* set aside said election as to certain directors. Judgment affirmed, with costs to the petitioner. The findings of fact by Special Term are affirmed and on the basis of these findings the determination made by said court is supported on this record. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.

■ JOSEPH A. FARALDO, Appellant, v STANDARDBRED OWNERS ASSOCIATION, INC., Respondent.—Appeal from order of the Supreme Court, Nassau County, dated August 28, 1979, dismissed as academic, without costs or disbursements. The attorneys for the Standardbred Owners Association, Inc., concede that the proposed by-laws never became effective by a vote of the membership. Consequently, the appeal is academic. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.

■ BENJAMIN L. FEUERSTEIN, Respondent, v HAZEL FEUERSTEIN, Appellant.—In a matrimonial action in which the parties had entered into a stipulation in open court with respect to certain financial matters, the defendant wife appeals from an order of the Supreme Court, Nassau County, dated October 17, 1978, which denied her motion to vacate the stipulation. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for a hearing and new determination of the motion. After a marriage of 41 years' duration, the defendant wife's counterclaim for divorce was granted. Nonetheless, pursuant to a stipulation made with her husband, she waived her rights to alimony, possession of the marital residence, except after payment to him of a substantial sum of money, and most other property. Defendant alleges that on the day she agreed to the stipulation, she had come to court merely to seek an adjournment, but was pressured by an attorney whom she no longer desired to represent her into agreeing to a stipulation, the terms of which she was not familiar with and regarding which she had not been consulted. On the other hand, defendant stated on the record that she understood the terms of the stipulation and believed the stipulation to be in her best interests. An evidentiary hearing is necessary to determine whether under all the circumstances the stipulation should be vacated. Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.