■ Arden B. Slavin et al., Appellants, v James Polyak et al., Respondents. — In an action to declare a prescriptive easement, plaintiffs appeal from an

order of the Supreme Court, Nassau County (Di Paola, J.), dated May 10, 1983, which amended (change of date) an order of the same court dated March 31, 1983, which directed that an evidentiary hearing be held on defendants' motion to vacate a judgment dated March 12, 1982 in plaintiffs' favor and to set aside the parties' stipulation of settlement dated March 4, 1982. We deem the order of this court dated June 16, 1983 to have granted leave to appeal. Order affirmed, with costs. Defendants allege that their attorney entered into a stipulation of settlement without their knowledge or consent and that they were never informed of the actual terms of said stipulation until sometime after the judgment was entered thereon. We find Special Term acted properly in directing that an evidentiary hearing be held to determine, *inter alia,* whether defendants' attorney was authorized to enter into the stipulation of settlement and, if not, whether defendants ratified the same by their subsequent conduct. An attorney may not settle or compromise his client's case in the absence of consent of the client (*Silver v Parkdale Bake Shop,* 8 AD2d 607; *Fasano v City of New York,* 22 AD2d 799). A party who relies on the authority of an attorney to compromise an action in his client's absence deals with such an attorney at his own peril, and if the settlement is thereafter challenged, he has the burden of establishing that the attorney's actions were, in fact, authorized (*Silver v Parkdale Bake Shop, supra; Brumberg v Chunghai Chan,* 25 Misc 2d 312). Accordingly, if it is determined at the evidentiary hearing that defendants' attorney was not authorized to enter into the stipulation of settlement and defendants did not ratify the same, the stipulation must be set aside and the judgment dated March 12, 1982 vacated. Lazer, J. P., Brown, Niehoff and Boyers, JJ., concur.