■ MICHAEL J. MURPHY, Appellant, v SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK et al., Respondents.—In an action, *inter alia,* to recover damages for overtime pay due under an employment contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated October 6, 1987, which granted the defendants' motion for partial summary judgment dismissing his third and fourth causes of action.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the defendants' motion which was for partial summary judgment dismissing the plaintiff's third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

We agree with the defendants' contention that the plaintiff is collaterally estopped from litigating his fourth cause of action sounding in breach of contract and tort *(see, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). The factual basis of the claim was necessarily determined by the prior administrative proceedings before the Unemployment Insurance Administrative Law Judge, whose determination was affirmed by the Unemployment Insurance Appeal Board, as well as before the arbitrator appointed to hear the grievance brought by the plaintiff's union on his behalf *(Ryan v New York Tel. Co., supra; Matter of Newsday, Inc. v Ross,* 80 AD2d 1). The plaintiff has not discharged his burden of showing either that he was not afforded a full and fair opportunity to contest the issue, or that the hearing was not quasi-judicial in nature *(Schwartz v Public Adm'r of County of Bronx, supra,* at 71; *Allied Chem. v Niagara Mohawk Power Corp., supra,* at 276).

We find however that the Supreme Court erred when it granted the defendants' motion for summary judgment and

dismissed the plaintiff's third cause of action on the basis of collateral estoppel. The defendants did not substantiate their claim for summary judgment on that or on any other basis. The burden was upon them to do so. Therefore, summary judgment as to the plaintiff's third cause of action should have been denied (*see, Zuckerman v City of New York,* 49 NY2d 557; *Pastoriza v State of New York,* 108 AD2d 605; *Yates v Dow Chem. Co.,* 68 AD2d 907). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.