■ LAWRENCE SUSLOW, Appellant, v LAURENCE M. RUSH et al., Respondents.—Order, Supreme Court, Westchester County (Harold L. Wood, J.), entered on or about May 12, 1989, which expanded the scope of an enforcement proceeding pursuant to CPLR 2104 to include the issue of whether defendants' prior attorney was authorized to enter such a settlement, is unanimously affirmed, without costs.

Authority of an attorney to enter into settlement negotiations does not necessarily constitute authority to enter into a binding settlement under CPLR 2104, unless that settlement is entered into in open court. *(See, Hallock v State of New York,* 64 NY2d 224; *Popescu v Comoletti,* 130 AD2d 724.) A question as to such authorization is an appropriate subject for an evidentiary hearing. *(Slavin v Polyak,* 99 AD2d 466.) In light of the fact that the court has already ordered a hearing on the question of compliance with the stipulation of settlement, plaintiff has failed to demonstrate how he will be prejudiced by expansion of the hearing agenda to include the question of whether defendants' prior attorney was authorized to enter into a binding agreement on their behalf, which

agreement is purportedly represented by the letter of June 2, 1988 exchanged between attorneys. Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.