■ KAREN C. SPERRY, Formerly Known as KAREN C. SANDERSON, et al., Respondents, v ANGELO PAPASTAMOS, Appellant.

(Appeal No. 1.) [601 NYS2d 720] —Judgment unanimously reversed on the law without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for defendant's alleged breach of three interrelated contracts: for purchase of real property; for purchase of an ice cream parlor business operated thereon; and for lease of the real property for a period of 18 months pending the sale. Defendant appeals from three directives of Supreme Court: the first granted summary judgment to plaintiffs on the issue of liability; the second awarded plaintiffs judgment of $48,901.29 based on the prior order of summary judgment and a stipulation on damages; and the third denied defendant's postjudgment motion to reargue and renew the prior motion pursuant to CPLR 2221, and to vacate the prior judgment pursuant to CPLR 5015 on the grounds of plaintiffs' alleged misrepresentations to the court and defense counsel's alleged lack of authority to stipulate to damages.

At the outset, we reject plaintiffs' argument that defendant's appeal is untimely. An appeal from a final judgment brings up for review any nonfinal order that necessarily affects the final judgment (see, CPLR 5501 [a] [1]). In these circumstances, proper appellate review lies from the judgment (see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc., 147 AD2d 977). Here, although defendant did not timely appeal from the nonfinal order of summary judgment, it is deemed subsumed in the final judgment, from which defendant timely appealed. The appeal from the intermediate order is therefore dismissed.

The court properly granted summary judgment on liability to plaintiffs. They demonstrated as a matter of law that defendant breached the lease and the interdependent realty and equipment purchase agreements by assigning his rights under the agreements to a third party without obtaining plaintiffs' approval, by defaulting in his monthly rent payments, and by repudiating his obligations under all three contracts based on his purported assignment of his obligations. In opposition to plaintiffs' motion, defendant failed to raise triable questions of fact. His defenses are patently lacking in merit, and the court acted properly in summarily rejecting them. Defendant misconstrues the lease in arguing that he was current in his rent obligations because he had "prepaid rent" of $5,000. The lease required defendant to pay the $5,000 in addition to, not in lieu of, his monthly rent of $700.

There is no reasonable interpretation of the lease under which defendant can claim credit for his prepaid rent against his monthly rental obligation.

Similarly, the court properly rejected defendant's second affirmative defense, which was that plaintiffs misrepresented the condition of the equipment and breached their express warranty that it was in good condition, thereby justifying defendant's breach. In the equipment purchase agreement, plaintiffs guaranteed only that the equipment would be in good operating order and usable condition and in a good state of maintenance and repair on the date of the agreement, April 9, 1990. The warranty did not extend to future performance. The "assignee's" EBT testimony, to the effect that the equipment broke down while she was in possession of the premises between three and five months later, did not demonstrate that plaintiffs had misrepresented the facts or breached the warranty.

Defendant's third defense, that plaintiffs had misrepresented the income of the business, runs afoul of the parol evidence rule and thus was properly rejected by the court. All three agreements contained merger clauses, and the equipment purchase agreement provided that "there have been and there are no agreements, representations or warranties, oral or written, between seller and buyer other than those set forth and provided for in this agreement".

We reject defendant's contention that plaintiffs' motion was procedurally deficient because of failure to include defendant's answer. Plaintiffs' failure to include the answer in the motion papers was at most a technical defect that did not prejudice defendant. Defendant included the answer in his opposing papers, and the court thus had all pleadings before it at the time it determined the motion. We therefore affirm the court's grant of summary judgment to plaintiffs on the issue of liability.

The postjudgment order, insofar as it denied reargument, is not appealable *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). The court properly denied defendant's motion to renew, but erred in denying his motion to vacate the judgment. We conclude that defendant's former counsel had no authority to enter into the stipulation of damages *(see, Slavin v Polyak,* 99 AD2d 466, 467; *Leslie v Van Vranken,* 24 AD2d 658; *see generally, Hallock v State of New York,* 64 NY2d 224; *Suslow v Rush,* 161 AD2d 235). It is uncontroverted that defendant's former attorney had not been given express authority to settle the question of damages on behalf of defen-

dant, nor is there any indication that defendant clothed his former attorney with apparent authority *(see, Melstein v Schmid Labs.,* 116 AD2d 632, 634). Therefore, defendant's postjudgment motion must be granted, the stipulation of damages set aside, and the judgment vacated. Our determination does not affect the validity of the grant of summary judgment to plaintiffs on the issue of liability. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.— Breach of Contract.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.