dant, nor is there any indication that defendant clothed his former attorney with apparent authority *(see, Melstein v Schmid Labs.,* 116 AD2d 632, 634). Therefore, defendant's postjudgment motion must be granted, the stipulation of damages set aside, and the judgment vacated. Our determination does not affect the validity of the grant of summary judgment to plaintiffs on the issue of liability. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.— Breach of Contract.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.

■ KAREN C. SPERRY, Formerly Known as KAREN C. SANDERSON, et al., Respondents, v ANGELO PAPASTAMOS, Appellant. (Appeal No. 2.) [601 NYS2d 881] —Appeal unanimously dismissed without costs *(see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.

■ KAREN C. SPERRY, Formerly Known as KAREN C. SANDERSON, et al., Respondents, v ANGELO PAPASTAMOS, Appellant. (Appeal No. 3.) [601 NYS2d 881] —Appeal from order insofar as it denied reargument unanimously dismissed without costs *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) and order otherwise modified on the law and as modified affirmed in accordance with same Memorandum as in *Sperry v Papastamos* ([appeal No. 1] 195 AD2d 1031 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.— Renewal.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.

■ W.S.A., INC., Doing Business as HARMON CONTRACT, Appellant, v KEY TRUST COMPANY, Respondent. [600 NYS2d 525] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly dismissed plaintiff's complaint against defendant Key Trust Company (defendant). Plaintiff's cause of action alleging breach of trust fails because an essential element of a valid trust, the intent to pass legal title of the trust fund to defendant, was absent; rather, pursuant to the express terms of the custodian and trust agreements, defendant was to serve as custodian of the trust fund *(see, Matter of Ihmsen,* 253 App Div 472; *see generally, Brown v Spohr,* 180 NY 201, 209; *Matter of Frank,* 52 AD2d 335, 338). Plaintiff's negligent misrepresentation causes of action were properly dismissed because essential elements of such a cause of action,