■ Luis A. Alvarez, Respondent, v William (Bill) Brown et al., Defendants, and Five Towns Car Wash, Inc., Appellant. [682 NYS2d 421] —In an action, *inter alia*, to recover unpaid overtime and/or minimum wages, the defendant Five Towns Car Wash, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated March 10, 1998, as denied its cross motion for partial summary judgment limiting the plaintiff's claim for unpaid overtime and/or minimum wages between October 17, 1994, and October 15, 1995, to four weeks of employment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion is granted.

The plaintiff commenced this action seeking, *inter alia*, money allegedly due him as unpaid overtime and/or minimum wages for the period from February 25, 1994, through October 15, 1995. During the pendency of this action, a hearing was held before an Administrative Law Judge (hereinafter the ALJ) on the plaintiff's claim for unemployment benefits. After the hearing, the ALJ issued a determination that during the period from October 17, 1994, through October 15, 1995, the plaintiff had only worked for the appellant for a period of four weeks.

We agree with the appellant that the court erred in refusing to give collateral estoppel effect to the ALJ's determination. The appellant demonstrated that the identical issue, namely, the amount of time worked by the plaintiff during the period in question, had been necessarily decided in the unemployment proceeding and was therefore decisive in this action. It then became incumbent on the plaintiff to establish that he did not have a full and fair opportunity to litigate the issue before the ALJ (*see, David v Biondo,* 92 NY2d 318). This he failed to do (*see, Shirley v Danziger*, 252 AD2d 969). We find, therefore, that the ALJ's determination should be given collateral estoppel effect with respect to the narrow issue involved, that between October 17, 1994, and October 15, 1995, the plaintiff had worked only four weeks for the appellant (*see, Ryan v New York Tel. Co.,* 62 NY2d 494; *Murphy v Sachem Cent. School Dist.,* 147 AD2d 623; *Bernstein v Birch Wathen School,* 71 AD2d

129). Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.