■ PATCO HOMES, INC., Respondent, v MAUREEN BOYLE et al., Appellants, et al., Defendants. [688 NYS2d 193] —In an action, *inter alia*, for a judgment declaring the parties' rights with respect to a certain easement, the defendants Maureen Boyle and Stephen T. Boyle appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County

(Owen, J.), dated March 5, 1998, as granted those branches of the plaintiff's motion which were for summary judgment (a) on its first and second causes of action, and (b) dismissing their third counterclaim.

Ordered that the order is affirmed insofar as appealed, with costs.

Contrary to the appellants' contentions, the Supreme Court correctly rejected their argument regarding the doctrine of collateral estoppel. That doctrine rests upon the sound premise that once a party has had a full and fair opportunity to litigate a particular issue, that party may not relitigate that same issue (*see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 69). However, before the doctrine can be invoked to prevent the relitigation of an issue, it must be shown that the precise issue was in fact litigated in the earlier action and would be decisive in the subsequent action (*see, David v Biondo,* 92 NY2d 318; *Alvarez v Brown,* 256 AD2d 530; *Mosher v Baines,* 254 AD2d 467). The prior action in which the plaintiff obtained a judicial declaration that an easement on its property had been extinguished by abandonment did not necessarily determine any issues in controversy in the instant case, which concerns a physically proximate but distinct easement across the appellants' property. Inasmuch as the prior action concerned a different issue from that in controversy in the instant action, collateral estoppel is inapposite and poses no bar to the plaintiff's evidence demonstrating that the easement in controversy herein was never abandoned.

The appellants' remaining contentions are without merit. S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.