■ ANTOINETTE M. DAILEY, Respondent, v TOFEL, BERELSON, SAXL & PARTNERS, P. C., Appellant, et al., Defendants. [710 NYS2d 95] —In an action, *inter alia,* to recover damages for wrongful termination of employment, the defendant Tofel, Berelson, Saxl & Partners, P. C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 26, 1998, as denied those branches of its motion which were to dismiss the plaintiff's first and second causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the first and second causes of action insofar as asserted against the appellant are granted, and those causes of action are dismissed.

The plaintiff's first cause of action sounding in fraud and intentional tort alleges the same underlying facts as her third cause of action sounding in breach of contract. A cause of action to recover damages for fraud will not arise where, as here, the only fraud charged relates to a breach of contract (*see, Mastropieri v Solmar Constr. Co.,* 159 AD2d 698).

With respect to the second cause of action, it is well settled that where, as here, there is no "agreement establishing a fixed duration or a limitation by express agreement, employment by a private employer is presumed to be at-will, and terminable by either party at any time" (*Scheiber v St. John's Univ.,* 195 AD2d 544, 547, *mod on other grounds* 84 NY2d 120; *see also, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300). Courts will not infer a contractual limitation on the employer's right to terminate an at-will employment relationship without an express agreement to that effect, which is relied upon by the employee (*see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).

Moreover, to the extent that the plaintiff's first cause of action sounding, *inter alia*, in intentional tort, refers to the plaintiff's cause of action based on wrongful termination, it must also be dismissed as there is no cause of action based on prima facie tort for the wrongful discharge of an at-will employee (*see, Scheiber v St. John's Univ., supra*, at 548).

To the extent that there is any cognizable action at law to recover damages for wrongful termination of employment, the plaintiff is precluded by the doctrine of collateral estoppel from claiming that the appellant wrongfully terminated her employment. A prior determination of the New York State Department of Labor (hereinafter the Department of Labor) found that the plaintiff's "loss of employment was for medical reasons." It is well settled that the doctrine of collateral estoppel is applicable to give conclusive effect to the quasi-judicial determination of administrative agencies (*see, Ryan v New York Tel. Co.,* 62 NY2d 494, 499; *Matter of Evans v Monaghan,* 306 NY 312, 323-324; *Murphy v Sachem Cent. School Dist.,* 147 AD2d 623). Based on the determination of the Department of Labor that the plaintiff left work for medical reasons, her cause of action based on wrongful termination of employment must fail. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.