■ Mortimer J. Katzen, Appellant, v Twin Pines Fuel Corp. et al., Respondents. [790 NYS2d 447]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 11, 2003, which granted defendants' motion for enforcement of the parties' purported settlement agreement and for sanctions only to the extent of declaring the settlement agreement valid and binding and directing plaintiff to execute and deliver the requisite releases and stipulation of discontinuance, unanimously reversed, on the law, without costs, and defendants' motion denied in all respects.

It is well settled that an attorney may not settle or compromise his or her client's case in the absence of consent by the client (*Barrett v Third Ave. R.R. Co.*, 45 NY 628, 635 [1871]; *see also Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281 [2004]). While a stipulation of settlement made by counsel *in open court* may bind his or her client even where it exceeds his or her actual authority (*Hallock v State of New York*, 64 NY2d 224 [1984]), such is not the case where, as here, the proposed settlement agreement was reached out of court and the requisite releases and stipulation of settlement were rejected and never signed by plaintiff. In such a case, the authority of an attorney to enter into settlement negotiations does not necessarily constitute authority to enter into a binding settlement under CPLR 2104 (*see Suslow v Rush*, 161 AD2d 235 [1990]). Thus, although plaintiff's prior attorney was retained to represent him in this matter and was directed to initiate settlement negotiations with defendants, it is apparent that plaintiff did not consent to the proposed settlement and there is nothing in the record to the contrary. If defendants had reason to believe that plaintiff had authorized his prior attorney to enter into the settlement, it was incumbent upon them to come forward with proof to that effect (*see Silver v Parkdale Bake Shop*, 8 AD2d 607, 607-608 [1959]). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Williams, JJ.