■ ROBERT M. RICHTER, Respondent, v DAVIDSON & COHEN, P.C., et al., Appellants. [807 NYS2d 637]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 26, 2004, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7).

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for legal malpractice against the defendants who represented him in an underlying personal injury action, and settled the case for $800,000. The plaintiff had refused to execute a general release and stipulation of discontinuance in the underlying action, and the defendants therein moved to compel the plaintiff to execute it. A hearing was conducted before Justice Ambrosio in the Supreme Court, Kings County, regarding whether the settlement in the underlying action was authorized. Upon the completion of the hearing, the court found that the defendants in the underlying action entered into the stipulation of settlement with "both apparent and real authority to settle this case for the amount indicated."

In the instant action, the Supreme Court correctly determined that the plaintiff was not collaterally estopped from raising the issue of whether the defendants had actual authority to settle his case (*see Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Church v New York State Thruway Auth.,* 16 AD3d 808, 810 [2005]). This Court cannot say that the plaintiff had a full and fair opportunity to litigate the issue of actual authority, since that issue was never identified as the issue to be determined at the hearing before Justice Ambrosio (*see Church v New York State Thruway Auth., id.; cf. Malloy v Trombley,* 50 NY2d 46 [1980]; *see also Hallock v State of New York,* 64 NY2d 224 [1984]). Therefore, the Supreme Court was correct in denying that branch of the motion which was to

dismiss the first cause of action to recover damages for legal malpractice on the ground that the defendants entered into a settlement agreement without the plaintiff's actual authority (*see Patco Homes v Boyle*, 260 AD2d 455, 456 [1999]; *Church v New York State Thruway Auth., supra*).

The defendants' remaining contentions are without merit. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.