■ In the Matter of 259 Broadway Realty Corp., Appellant, v Incorporated Village of Amityville, Respondent. [814 NYS2d 698]—

In a condemnation proceeding, the claimant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated April 1, 2004, as granted the motion of Siegel, Fenchel & Peddy, P.C., the claimant's former counsel, pursuant to Judiciary Law § 475 and CPLR 2601, to enforce a purported stipulation of settlement, directed the condemnor to deposit the sum of $195,000 with the Suffolk County Treasurer, directed the Suffolk County Treasurer to release from the money deposited the sums of $50,221.25 to Siegel, Fenchel & Peddy, P.C., $2,600 to J.A. Cowan & Associates, the claimant's appraiser, $4,914.98 to Schneider Engineering, PLLC, and, in effect, denied that branch of its cross application which was to direct the condemnor to pay it the sum of $79,000 for the allegedly undisputed portion of the condemnation award.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion, directing the condemnor to deposit the sum of $195,000 with the Suffolk County Treasurer, and directing the Suffolk County Treasurer to release from the money deposited the sums of $50,221.25 to Siegel, Fenchel & Peddy, P.C., $2,600 to J.A. Cowan & Associates, and $4,914.98 to Schneider Engineering, PLLC, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court incorrectly determined that the parties' purported stipulation of settlement was enforceable. While a stipulation of settlement made in open court should be strictly enforced and not lightly cast aside (*see Hallock v State of New York,* 64 NY2d 224, 230 [1984]; *Matter of Galasso,* 35 NY2d 319, 321 [1974]; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 10 [1972]), a party may be relieved from the consequences thereof if that party can demonstrate that its agent was without authority to enter into the stipulation (*see Hallock v State of New York, supra; Davis v New York City Hous. Auth.,* 300 AD2d 531 [2002]). The parties' respective attorneys appeared at trial without the presence of their clients. The appellant's counsel, while initially indicating to the court that it had authority to settle the case, also stated that he had not yet spoken to his client. In response, the condemnor's counsel indicated that he was

concerned that the appellant's counsel did not have his client's approval, stating, "we ought to wait until the [appellant] approves [the settlement] because I don't want to be on risk to settle something subject to approval by the [appellant]." Counsel for both parties then agreed to have their respective clients sign the transcript of the settlement acknowledging their approval. The parties did not sign the transcript. Rather, the appellant advised its counsel that it objected to certain terms of the settlement pertaining to a setoff for real estate taxes. Since the transcript of the settlement was unclear as to whether the appellant had full knowledge of, or consented to, the terms of the settlement, there was no meeting of the minds and the appellant should not be bound by it (*see Melstein v Schmid Labs.,* 116 AD2d 632, 633 [1986]; *Slavin v Polyak,* 99 AD2d 466, 467 [1984]).

Furthermore, the condemnor made no factual showing that it relied upon any misleading conduct on the part of the appellant demonstrating the existence of its counsel's apparent authority (*see Hallock v State of New York, supra* at 231). Indeed, based upon the statements of the condemnor's counsel at trial, the condemnor did not demonstrate any reliance whatsoever. Even the court made its approval of the settlement subject to having the "responsible people on each of the respective sides" execute the transcription so that the court could "so order it."

Accordingly, the Supreme Court should not have granted the motion of Siegel, Fenchel & Peddy, P.C., the claimant's former counsel, pursuant to Judiciary Law § 475 and CPLR 2601, to enforce the purported stipulation of settlement.

The appellant's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.