OPINION OF THE COURT
Memorandum.
Order reversed without costs, tenant’s motion to set aside the stipulation granted and matter remanded to the court below for determination of tenant’s motion to vacate the default final judgment and warrant.
In this nonpayment summary proceeding, tenant moved to vacate a default final judgment and warrant, asserting, inter alia, that she had not been served with the rent notice or notice of petition and petition, and that landlord’s agent had removed mail from her mailbox. She also asserted a defense of breach of the warranty of habitability, and attached a printout of the violations in the apartment. On the September 8, 2005 return date of the order to show cause, tenant’s then attorney appeared without her and entered into a stipulation of settlement. The stipulation provided that tenant’s motion was granted solely to the extent of staying execution of the warrant until October 15, 2005 for tenant to pay $10,148.60 plus October rent. The stipulation was signed by tenant’s then counsel as “LL Atty.” Shortly thereafter, tenant filed a consent to change attorney, and her new counsel promptly moved to vacate the stipulation. Tenant claimed that her former attorney, whom she had retained only after she had received the marshal’s notice, did not inform her of the return date of the order to show cause and that he entered into the stipulation without her knowledge and consent. She also claimed, inter alia, that the amount of rent arrears agreed to in the stipulation was as much as $4,000 in error, and she noted that the stipulation made no provision for repairs. *86 Landlord opposed the motion on the ground that tenant showed no basis to rescind the stipulation.
“From the nature of the attorney-client relationship itself, an attorney derives authority to manage the conduct of litigation on behalf of a client, including the authority to make certain procedural or tactical decisions. But that authority is hardly unbounded. Equally rooted in the law is the principle that, without a grant of authority from the client, an attorney cannot compromise or settle a claim, and settlements negotiated by attorneys without authority from their clients have not been binding” (Hallock v State of New York, 64 NY2d 224, 230 [1984] [citations omitted]).
As the Appellate Division has noted, a “party who relies on the authority of an attorney to compromise an action in his client’s absence deals with such an attorney at his own peril” (Slavin v Polyak, 99 AD2d 466, 467 [1984]). .
In our view, tenant here adequately established that her former attorney did not have authority to enter into the stipulation. It is undisputed that tenant retained her former attorney only after she was served with an eviction notice, that she met with him only once to sign the affidavit for her order to show cause to vacate the default final judgment and warrant, and that she had no further communication from him until she received a copy of the stipulation which he had signed. In addition, tenant established the absence of apparent authority since she showed that there were no words or conduct on her part, communicated to landlord, that gave rise to an appearance that her former attorney possessed authority to enter into the stipulation (see Hallock, 64 NY2d at 231). Moreover, tenant moved promptly to change attorneys and to vacate the stipulation. In the circumstances presented, it is our view that the stipulation is not binding on tenant (see Melstein v Schmid Labs., 116 AD2d 632 [1986]), and we therefore vacate it. Since, upon such vacatur, tenant’s underlying motion to vacate the default final judgment and warrant is unresolved, the matter is remanded to the court below for determination of said motion.
Pesce, P.J., Golia and Belen, JJ., concur.