(June 12, 2007)

■ PETER C. ALLISON, Respondent, v DIANA ALLISON, Appellant. [838 NYS2d 168]—

In an action to annul a marriage, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 7, 2005, which granted the plaintiff's motion to enforce a stipulation of settlement.

Ordered that the order is reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court for a hearing in accordance herewith and thereafter for a new determination of the motion.

The Supreme Court erred in granting the plaintiff's motion to enforce a stipulation of settlement. Although a stipulation of

settlement made in open court should be strictly enforced and not lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of 259 Broadway Realty Corp. v Incorporated Vil. of Amityville*, 29 AD3d 596, 597 [2006]; *Zafran v Zafran*, 28 AD3d 752, 753 [2006]; *Ianielli v North Riv. Ins. Co.*, 119 AD2d 317, 321 [1986]), a party may be relieved of the consequences thereof if that party can demonstrate that its agent lacked authority to enter into the stipulation (*see Hallock v State of New York, supra* at 230; *Matter of 259 Broadway Realty Corp. v Incorporated Vil. of Amityville, supra*; *Katzen v Twin Pines Fuel Corp.*, 16 AD3d 133, 134 [2005]). The authority of a litigant's attorney "is hardly unbounded . . . [W]ithout a grant of authority from the client, an attorney cannot compromise or settle a claim" (*Hallock v State of New York, supra* at 230). Here, it is unclear whether, at the time the defendant's prior attorney entered into a stipulation of settlement of the instant matter on the record, she had the defendant's authority to do so. Under such circumstances, the Supreme Court should have conducted an evidentiary hearing to determine the merits of the defendant's claim that her prior attorney was not authorized to enter into a binding agreement incorporating the terms agreed to by her prior attorney outside of her presence (*see Richter v Davidson & Cohen, P.C.*, 25 AD3d 595 [2006]; *Suslow v Rush*, 161 AD2d 235 [1990]; *Lynch v Lynch*, 105 AD2d 1069, 1070 [1984]). Therefore, we remit the matter to the Supreme Court, Rockland County, for a hearing to establish whether the defendant's prior attorney had authority to bind the defendant to the stipulation of settlement and for a new determination of the motion thereafter.

In light of our determination, we need not address the defendant's remaining contention. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.