■ In the Matter of GAETANA CELAURO, Appellant, v WAYNE CELAURO et al., Respondents. [872 NYS2d 488]—

In a proceeding pursuant to SCPA 711 to remove Wayne Celauro and Diane C. Carter as trustees of two inter vivos trusts, the petitioner appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated September 10, 2008, as, upon converting her motion to vacate a stipulation of discontinuance dated November 8, 2007, into a cause of action in the proceeding and, in effect, converting her affidavit in support of the motion into

a branch of the petition, denied that branch of the petition which was to vacate the stipulation of discontinuance.

Ordered that the decree is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Surrogate's Court, Nassau County, for a hearing in accordance herewith, a new determination, and the entry of an amended decree thereafter, if appropriate.

The petitioner is the sole income beneficiary of two trusts. Her son Wayne and her daughter Diane are cotrustees of the two trusts. The trusts' assets include minority interests in two closely-held corporations that employ Wayne and Diane. The petitioner also owns a minority interest in one of the corporations in her own right. After Wayne and Diane, among other things, opposed the petitioner's efforts to commence a shareholders' derivative action against the president of the two corporations for diverting funds from the two corporations, the petitioner commenced a proceeding pursuant to SCPA 711 to remove Wayne and Diane as cotrustees of the trusts, alleging that they had acted against the trusts' interests.

On November 8, 2007, the petitioner and her son Nathan arrived at the offices of the corporations' attorneys to attend a special meeting of the shareholders of the corporations and for Nathan and the corporations' president to discuss the possibility that Nathan might be hired by the corporations as an employee. According to the affidavits of the petitioner and Nathan, when they arrived, their attorney insisted that they agree to discontinue the proceeding pursuant to SCPA 711, telling them that he believed it was in their best interests. As related by the petitioner, after she and Nathan expressed hesitation, the attorney screamed and cursed and told them that he would sign a stipulation of discontinuance on the petitioner's behalf whether they agreed to or not, and that they could "sue him for malpractice" if they did not like it. The attorney then signed the stipulation on behalf of the petitioner and Nathan in their presence.

By order to show cause dated February 25, 2008, the petitioner, represented by a new attorney, moved, inter alia, to vacate the stipulation of discontinuance. The Surrogate's Court, after converting the motion into a cause of action in the proceeding, and, in effect, converting her affidavit in support of the motion into a branch of the petition pursuant to CPLR 103 (c), denied the relief requested by the petitioner. We reverse. Under the circumstances, the Surrogate's Court should have conducted an evidentiary hearing to determine whether the petitioner's prior attorney had the authority to execute the stipulation on

her behalf, whether the authority was obtained under duress, and whether the petitioner ratified the stipulation by waiting more than three months before attempting to vacate it (*see Allison v Allison,* 41 AD3d 519 [2007]; *Slavin v Polyak,* 99 AD2d 466 [1984]; *Feuerstein v Feuerstein,* 72 AD2d 546 [1979]). We therefore remit the matter to the Surrogate's Court, Nassau County, for such a hearing, a new determination, and the entry of an amended decree thereafter, if appropriate.

The petitioner's remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.