◾ AMY E. TWADDELL, Respondent, v DROP & LOCK STORAGE Co., INC., Appellant. [985 NYS2d 902]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Forman, J.), dated July 12, 2013, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action, the plaintiff seeks damages from the defendant, her former employer, for breach of contract based on an allegation that she was wrongfully discharged from her employment. In a "Notice of Determination" issued by the New York State Department of Labor on April 3, 2012, the plaintiff was denied unemployment insurance benefits based on a determination that she "quit [her] job without good cause." The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint, arguing that the notice of determination collaterally estopped the plaintiff from litigating the issue of whether she was wrongfully discharged. The Supreme Court denied that branch of the motion.

Pursuant to the doctrine of collateral estoppel, which is otherwise known as issue preclusion, a party may be barred from relitigating an issue which has been decided in another proceeding by a court or in a quasi-judicial administrative forum (*see McRae v Sears, Roebuck & Co.*, 2 AD3d 419, 419-420 [2003]; *Alvarez v Brown*, 256 AD2d 530 [1998]; *Murphy v Sachem Cent. School Dist. at Holbrook*, 147 AD2d 623 [1989]). In addition, as stated by this Court in *Kolel Damsek Eliezer, Inc. v Schlesinger* (90 AD3d 851, 854 [2011]), "[a]s the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining *at least one full hearing on his or her claim*" (internal quotation marks omitted; emphasis added; *see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]).

Here, the record does not demonstrate that the Notice of Determination was rendered after a hearing or that it otherwise constitutes a quasi-judicial determination (*see* Labor Law § 620; *Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276 [1988]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72 [1969]; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718, 719 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]; *see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.