15-1714-cv
*Hillair Capital Invs., LP v. Smith Sys. Transp., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand sixteen.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HILLAIR CAPITAL INVESTMENTS, LP,
                    *Plaintiff-Appellee,*

            v.                                          15-1714-cv

SMITH SYSTEMS TRANSPORT, INC.,
                    *Defendant-Appellant,*

INTEGRATED FREIGHT CORPORATION, MORRIS
TRANSPORT, INC., CROSS CREEK TRUCKING,
INC., PAUL HENELY, HENRY P. HOFFMAN,
MATTHEW A. VEAL,
                    *Defendants.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     The Clerk of Court is directed to amend the official caption to confirm to the above.

FOR PLAINTIFF-APPELLEE:        Ted Poretz, Florence M. Beauboeuf, Zukerman Gore Brandeis & Crossman, LLP, New York, New York.

FOR DEFENDANT-APPELLANT:        Davida S. Scher, Franzino & Scher, LLC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Smith Systems Transport, Inc. ("Smith Systems"), appeals a June 5, 2015 judgment of the United States District Court of the Southern District of New York against it awarding plaintiff-appellee Hillair Capital Investments, LP ("Hillair"), damages of $619,356.24.[1] By order filed March 27, 2015, the district court granted summary judgment in favor of Hillair and denied Smith Systems' motion for leave to amend its answer. The district court reasoned that Smith Systems was bound by a settlement agreement that had been put on the record in open court, pursuant to which Smith Systems purportedly agreed that it would continue to be bound by a prior guarantee of the obligations of its apparent parent corporation, Integrated Freight

---

[1] The judgment also awarded damages against other defendants who did not appeal. Smith Systems initially appealed, on May 26, 2015, the district court's April 30, 2015 order directing the clerk to enter final judgment. Once the district court finally entered judgment on June 5, 2015, Smith Systems amended its notice of appeal to include the judgment. Though the amended notice of appeal was filed on August 13, 2015 -- more than thirty days after the entry of judgment -- we retain jurisdiction because we treat the original, premature notice of appeal as being "filed on the date of and after the entry" of judgment. Fed. R. App. P. 4(a)(2).

Corporation ("Integrated Freight"). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

From January 4, 2013, through December 22, 2014, attorney Thomas D. Atkinson ("Atkinson") represented Smith Systems, Integrated Freight, and the other defendants in the proceedings below. At an October 30, 2013 hearing with Atkinson and Integrated Freight's CEO present, the district court put on the record a settlement agreement whereby Integrated Freight conceded liability on Hillair's claims against it and Smith Systems (and other defendants) agreed that guarantees of Integrated Freight's obligations they had previously delivered to Hillair would remain in effect. As the district court noted, the parties agreed that "the guarantors [which included Smith Systems], up to the limits of the guarantee, should have joint and several liability for the settlement payments [that Integrated Freight had agreed to make] up to the amount stated in the guarantee and not beyond." App. at 111.

Integrated Freight missed its first payment, and Hillair moved for summary judgment against Smith Systems (and the other defendants). On March 4, 2015, after replacing Atkinson as its representative, Smith Systems opposed summary judgment, claiming, *inter alia*, that Atkinson did not have authority to settle for it, and moved for leave to amend its answer. In its March 27, 2015 order, the district court granted Hillair's motion for summary judgment, holding that Smith Systems was bound

by the October 30, 2013 settlement, and denied Smith Systems' motion for leave to amend.

On appeal, Smith Systems argues that the district court erred in holding that Smith Systems authorized "counsel for [Integrated Freight]" to settle for it. Appellant's Br. at 18. Though the parties and district court applied the Federal Rule of Civil Procedure 56 standard of review for summary judgment, we have noted that "motions for relief from an order or judgment based on an attorney's error or misconduct are generally made pursuant to Rule 60(b)." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (*per curiam*). We review Rule 56 determinations *de novo* to determine whether the non-moving party has demonstrated a genuine issue of material fact, *see Bermudez v. City of New York*, 790 F.3d 368, 373 (2d Cir. 2015), whereas we review Rule 60(b) decisions for abuse of discretion, *see Gomez*, 805 F.3d at 423. Here, as Smith Systems is seeking relief from the settlement, it would seem that Rule 60(b) applies. Regardless of what standard of review we apply, however, Smith Systems' argument lacks merit.

We have acknowledged that, "unlike many other acts that an attorney undertakes on a client's behalf, the decision to settle or otherwise dismiss claims 'rests with the client' and is 'not automatically bestow[ed] . . . on retained counsel.'" *Gomez*, 805 F.3d at 424 (alterations in original) (quoting *In re Artha Mgmt., Inc.*, 91 F.3d 326, 329 (2d Cir. 1996)). Instead, a settlement agreement is binding only if the attorney (the

agent) had the client's (the principal's) actual or apparent authority to enter into the agreement. *See United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 19-21 (2d Cir. 1993).

"Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction." *Hallock v. State*, 64 N.Y.2d 224, 231 (1984). We may therefore find apparent authority where the principal "remained silent when he had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon." *Sci. Holding Co. v. Plessey Inc.*, 510 F.2d 15, 25 (2d Cir. 1974) (quoting *Rothschild v. Title Guar. & Tr. Co.*, 204 N.Y. 458, 462 (1912)); *see* Restatement (Third) of Agency § 1.03 cmt. b (2006) ("Silence may constitute a manifestation when, in light of all the circumstances, a reasonable person would express dissent to the inference that other persons will draw from silence."); *see also Int'l Bhd. of Teamsters*, 986 F.2d at 20 (finding apparent authority when client "waited sixteen months after the date of the Settlement before attempting to deny [the] attorney['s] . . . authority").[2] Moreover, the burden on a party challenging its attorney's authority is "not insubstantial." *Int'l Bhd. of Teamsters*, 986 F.2d at 20. To overcome the general presumption that an attorney-of-record has authority to settle, "any party challenging

---

[2]    We have held that where the underlying claim arises under federal law, the question of whether an attorney has authority to settle is also governed by federal law. *See Fennell v. TLB Kent Co.*, 865 F.2d 498, 500-01 (2d Cir. 1989). Here, however, the underlying claim to enforce a guarantee agreement is a state claim. Regardless of whether we apply federal or New York law, the outcome of this appeal remains the same under principles of agency applicable in both jurisdictions.

an attorney's authority . . . bears the burden of proving by *affirmative evidence* that the attorney lacked authority." *In re Artha Mgmt., Inc.*, 91 F.3d at 329 (emphasis added).[3]

Atkinson possessed, at minimum, apparent authority to settle on behalf of Smith Systems. The record plainly shows that Smith Systems clothed Atkinson with apparent authority. Atkinson appeared on behalf of Smith Systems (and other defendants) from early on in the litigation -- filing an answer on its behalf and successfully opposing summary judgment. Smith Systems acknowledges that it, in fact, was represented by and communicated with Atkinson in the litigation. During this time, Smith Systems never raised an objection to Atkinson's representation.

Smith Systems continued to manifest no expression of dissent to Hillair or the district court through the settlement proceedings and beyond. Smith Systems concedes that it discussed the settlement with Atkinson, who settled the case on behalf of all defendants, including Smith Systems. *See* App. at 231. Further, Smith Systems could not have been ignorant that the case actually settled: Atkinson mentioned that "the parties to this action agreed to settlement terms announced by the court on the record" in his May 7, 2014 affidavit in support of his motion to withdraw as counsel of record; he attached to that affidavit the settlement hearing transcript; and he separately served those documents on Smith Systems at its corporate office in Nebraska. ECF No.

---

[3]     New York does not appear to endorse this burden framework, *see Slavin v. Polyak*, 470 N.Y.S.2d 38, 39 (2d Dep't 1984), but the facts here compel the same conclusion regardless of which party bears the burden of persuasion.

45 ¶ 5.  Yet Smith Systems did not challenge the settlement agreement until March 4, 2015, almost a year and a half after the agreement and ten months after Atkinson's affidavit, when it presented an affidavit in opposition to the second summary judgment motion asserting that it "did not agree to the settlement" and that "settlement was not in Smith System's best interests."  App. at 231.  Smith Systems' delay in raising the issue, however, is fatal to its claim that Atkinson lacked apparent authority.  *Compare Int'l Bhd. of Teamsters*, 986 F.2d at 20 (finding sixteen months to be too long), *and Hallock*, 64 N.Y.2d at 232 (noting "silence for more than two months"), *with Gomez*, 805 F.3d at 422 (remanding to determine authority when objection came "just five days after").

Finally, Smith Systems attacks the underlying validity of the guarantees and the guaranteed loans.  This issue, however, was not raised in its answer, and thus, Smith Systems needed leave to amend its answer to assert this affirmative defense.  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (construing summary judgment motion as motion to amend answer where affirmative defense was not previously raised).  We therefore address Smith Systems' argument that the district court should have permitted it to amend its answer.  In this case, because the settlement was binding and conclusive as to Smith Systems' obligations under the guarantees, the district court did not abuse its discretion in denying Smith Systems leave to amend its answer at so late a juncture.  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.

2001) (holding that when motion to amend is brought in response to motion for summary judgment, the amendment is futile if summary judgment is inevitable).

We have reviewed Smith Systems' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk